JOHN OTIS et al., Respondents, v. MOSES B. SHANTS, Appellant.

Under a liquidation agreement between a corporation and its creditors, plaintiffs were appointed trustees. In an action upon certain promissory notes given for property purchased by defendant of the trustees after they had assumed the trust, the answer alleged that defendant, as creditor, was induced to become a party to the liquidation agreement by false representations, and asked to have the same set aside and canceled as to him. *Held*, that a demurrer to the answer was properly sustained; that the proper parties were not represented in the litigation to entitle defendant to judgment upon the issue sought to be made by his answer; and that it set up no defense, as fraud inducing the execution of the contract was no answer to defendant's obligation to pay for property purchased of the trustees.

The answer also set up as counter-claims claims arising on certain transactions between the corporation, its officers and agents, and defendant prior to the liquidation agreement. *Held*, that as the alleged claims were not against plaintiffs and had no connection with the cause of action set forth in the complaint, they were not proper matters of counter-claim; and that a demurrer was properly sustained.

Defendant did not ask any affirmative relief upon his counter-claims, but as to each, asked to be permitted to set off sufficient thereof to satisfy plaintiffs' claims; the demurrers thereto were upon the ground "that they were insufficient in law upon the face thereof." *Held*, that the demurrers were sufficiently specific. (Code Civ. Pro. § 494.)

The provisions of the Code of Civil Procedure (§§ 495, 496), requiring that where a demurrer to a counter-claim is on the ground that the cause of action sought to be counter-claimed did not arise out of the contract or transaction set forth in the complaint, or was not connected with the subject of the action, or that the counter-claim does not set forth a cause of action, these objections must be distinctly specified in the demurrer, only apply where defendant demands affirmative relief.

(Argued May 6, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made December 30, 1889, which reversed an interlocutory judgment overruling a demurrer to defendant's answer, sustained said demurrer, and directed judgment for plaintiffs.

This was an action upon two promissory notes given by defendant, for goods sold and delivered to him, to the trustees of

the Mill River Button Company, who prior to such sales, had become trustees of said company under a liquidation agreement.

Further facts are stated in the opinion.

*Myron T. Bly* for appellant. The demurrer does not raise the objection that the counter-claims are not of the character specified in section 501 of the Code of Civil Procedure. More particularly, it does not raise the objection that they do not disclose a cause of action arising out of the transaction set forth in the complaint, or connected with the subject of the action. (*Secor* v. *Pendleton*, 47 Hun, 281 ; *F. F. Ins. Co.* v. *Baldwin*, 37 N. Y. 648 ; *People ex rel. Lord* v. *Crooks*, 53 id. 648 ; *Decker* v. *Decker*, 108 id. 128 ; *Safford* v. *Snedecker*, 67 How. Pr. 264.) The facts stated in the answer are sufficient to constitute a counter-claim. (*Armour* v. *Leslie*, 7 J. & S. 353 ; *Kreiss* v. *Seligman*, 8 Barb. 440 ; *Burney* v. *Drexel*, 33 Hun, 419 ; *Nellis* v. *DeForest*, 16 Barb. 61, 65 ; *Carter* v. *DeCamp*, 40 Hun, 258 ; *Swords* v. *N. L. O. Co.*, 17 Abb. [N. C.] 119 ; *Boyle* v. *City of Brooklyn*, 71 N. Y. 1 ; *Anderton* v. *Wolf*, 41 Hun, 571 ; *Hale* v. *O. N. Bank*, 49 N. Y. 626.) It being the spirit and policy of the Code that the rights of all the parties should be adjusted by one judgment, if there is some connection between the defendant's claims and the subject-matter of the action, they are well pleaded. The later cases tend to require but a slight connection, especially as in a case at bar, which appeals strongly to the inherent equity powers of the court, since the corporation is insolvent, and if the defendant's demand is not sustained, he is without remedy. (*M. T. Co.* v. *T. V. Co.*, 7 N. Y. S. R. 90 ; *Carpenter* v. *M. L. Ins. Co.*, 93 N. Y. 552 ; *Grange* v. *Gilbert*, 10 Civ. Pro. Rep. 98–105 ; *Smith* v. *Felton*, 43 N. Y. 419.)

*Henry M. Hill* for respondents. The question whether the defense or counter-claim set up in the answer is sufficient, is properly raised by the demurrer. (*Collins* v. *Suau*, 7 Robt.

94; *Pittman* v. *Mayor, etc.*, 3 Hun, 370; 62 N. Y. 637; Code Civ Pro. § 494; *Gilbert* v. *Crane*, 12 How. Pr. 455; *Brazil* v. *Ishame*, 12 N. Y. 9; *Manning* v. *Winter*, 7 How. 482; *Goodman* v. *Robb*, 41 id. 605; *Grange* v. *Gilbert*, 10 Civ. Pro. Rep. 98; *A. D. & I. Co.* v. *Staley*, 8 J. & S. 539; *Thompson* v. *Sickles*, 46 Barb. 49.) The right of defense, founded in set-off or counter-claim as against an assignee, is wholly statutory and the allegations in support of it must, in express terms bring such defense within the statute. (*Willover* v. *F. N. Bank*, 10 Civ. Pro. Rep. 80, 87.) The matters alleged in the answer arose, if at all, out of dealings between the defendant and the Mill River Button Company, before the assignment to the plaintiffs. They did not arise out of, nor are they connected with, the claims made by the plaintiffs. (Bishop on Ins. Debt. § 275; *Patton* v. *R. B. P. Co.*, 114 N. Y. 1; *Thompson* v. *Whitmarsh*, 100 id. 35; *Dale* v. *Cooke*, 14 Johns. Ch. 13; *Patterson* v. *Patterson*, 59 N. Y. 577; *Jordan* v. *N. S. & L. Bank*, 74 id. 467.) The counter-claims alleged in the answer, are not proper matters of set-off in this action. (Code, § 501; *McCulloch* v. *Vibbard*, 51 Hun, 227; *Cragin* v. *Lovell*, 88 N. Y. 258; *Vassear* v. *Livingston*, 13 id. 248, 256; *Patterson* v. *Patterson*, 59 id. 574.) The matters alleged as counter-claims in the second and third counts of the answer arose, if at all, out of the tortious acts of the Mill River Button Company or its agents, and would not be proper matters of set-off, even were the company the plaintiff in this action. (Code Civ. Pro. § 501; *Berrien* v. *Mayor, etc.*, 15 Abb. [N. S.] 207; *Wakeman* v. *Everett*, 41 Hun, 278.) The notes given by the defendant being absolute in terms, he is estopped from claiming that they were made subject to any condition, or that they were not to be paid in any event, on the state of facts set up in the answer. (Daniels on Neg. Inst. § 80.)

ANDREWS, J. The plaintiffs do not not sue to enforce any obligation under the " agreement in liquidation." The action is upon notes given for property purchased by the defendant

of the trustees after they had assumed the trust. The first count in the answer alleges that the defendant was induced to become a party to the liquidation agreement by fraudulent representations made by the Mill River Button Company, its agents, officers and directors, and asks for judgment setting aside and canceling as to him the agreement. This answer was not a defense. The agreement was between the corporation, the creditors and the trustees. The proper parties are not represented in this litigation, to entitle the defendant to judgment upon this issue. Neither the corporation nor the other creditors are before the court, and both have an interest and are entitled to be heard on the adjudication of this question. Moreover, fraud in procuring the execution of the agreement by the defendant, would constitute no ground for exempting him from the performance of an independent contract entered into between him and the trustees subsequent to the execution of the agreement in liquidation and founded upon a new consideration. The first answer was clearly insufficient, because admitting its averments the defendant would be entitled to no relief.

The second, third, fourth and fifth answers are founded upon alleged counter-claims. They all set up transactions between the Mill River Button Company, its officers and agents, and the defendant, which took place prior to the execution of the liquidation agreement. The second answer seeks to counter-claim damages alleged to have been sustained by the defendant, arising from the fraud and deceit of the corporation connected with an advance of money made by the defendant to the corporation. The third answer counter-claims damages alleged to have been sustained by the defendant by the fraudulent refusal of the corporation to perform its contract to deliver a portion of its capital stock to the defendant in consideration of money advanced by the defendant. The fourth answer alleges an indebtedness of the corporation to the defendant in the sum of $2,800 for money loaned. The fifth answer alleges a violation by the company of a contract of employment, whereby the defendant sustained damages in

the sum of $3,000. The defendant in his answer does not ask any affirmative judgment on his counter-claims, but as to each he asks simply that he be permitted to set off sufficient thereof to satisfy the claims of the plaintiff.

It is very clear that neither of the answers alleging counter-claims set up any claim that can be set off against the causes of action in the complaint. The alleged counter-claims are not against the plaintiffs. They are founded upon transactions with the corporation, prior to the appointment of the plaintiffs as trustees. The plaintiffs' claims have no connection therewith, and arose subsequent to the execution of the liquidation agreement, upon contracts not tainted with the alleged fraud in the concoction of the agreement. The fact that the defendant was induced to execute the agreement by fraud is no answer to his obligation arising on a purchase from the trustees, nor does it enable him to set off against the debt a claim against the corporation. This would be giving him an inequitable preference.

The plaintiffs demurred to the several answers setting up counter-claims, on the ground " that they were insufficient in law upon the face thereof." Section 494 of the Code of Civil Procedure makes this a ground of demurrer to a counter-claim. But it is claimed that where the defect in an answer alleging a counter-claim is, that the cause of action sought to be counter-claimed, did not arise out of the contract or transaction set forth in the complaint, or was not connected with the subject of the action, or that it does not state facts sufficient to constitute a cause of action, these objections must be specifically taken under section 495, and that they are not raised by a demurrer for insufficiency. That the answers were insufficient as answers of counter-claims, we cannot doubt. They set up no cause of action against the plaintiffs. The claims alleged, if they existed, were wholly irrelevant to the claims sued upon. Assuming that they were statements of good causes of action, they did not exist against the plaintiffs. It is, however, a decisive answer to the defendant's contention that the demurrer should have been drawn under section 495, that that

section only applies where the defendant demands affirmative judgment on his counter-claim, and has no application where the defendant seeks to use his counter-claim for the purpose simply of extinguishing the claim of the plaintiffs.

We think the judgment of the General Term was right and should, therefore, be affirmed.

All concur.

Judgment affirmed.