## JOSEPH DOYLE vs. FUERST & KRAMER, LIMITED.

1. A manufacturer who disposes of the thing which he has manufactured is properly and legitimately held presumptively to a knowledge of the qualities of the things he sells.

2. He is bound to indemnify his vendor against latent defects which the latter could not by inspection have discovered for himself.

Appeal from the Civil District Court, Division "B."

Teissier & Teissier, for plaintiff and appellant.

Carroll, Henderson & Carroll, for defendant and appellee.

DUFOUR, J.—Alleging that he was poisoned by defendant's furnishing him unwholesome, poisonous and dangerous food negligently prepared, at its restaurant in this city, plaintiff sues for damages resulting from the eating of said food.

The cause of action is specifically based on breach of contract.

The district judge who saw and heard the witnesses states the following as his conclusions of fact:

'There is no doubt in the mind of the court that plaintiff was suffering from ptomaine poison, contracted in plaintiffs' confectionary, but the court considers that defendants used every precaution and did all that prudent people could do to supply their establishment with proper food, have it properly cooked and the place kept clean. The law is, to hold the defendants liable, it should be established

to the satisfaction of the court that they were in some manner guilty of negligence."

There is no such proof in the record. There was judgment rejecting plaintiff's demand and he has appealed.

We concur in the conclusions of fact of the trial judge.

Warranty of the thing sold is an obligation of the seller, implied in every sale, its obligation is to guarantee against the hidden defects of the thing sold.

Revised Civil Code, 1764, 2520, et seq.

This suit is not a redhibitory one for the avoidance of the contract nor one quanti minoris for reduction of the price; it merely demands damages for the breach of the warranty that the articles sold were sound and fit for the purpose for which they were sold.

The question presented is, whether a seller, in good faith and without knowldege of the hidden defects of the thing sold, is liable for the damage caused by such hidden defects.

In commenting on Arts, 1645, 1646, Code Napoleon, substantially corresponding to Article 2531 of our code, Laurent, Vol. 24, Nos. 295, 296, says:

"La raison en est qu'un ouvrier se rend responsable de la bonté de ses ouvrages; son impéritie ou défaut de connaissances dans tout ce qui concerne son art est une faute qui lui est imputable, personne ne devant exercer publiquement un art s'il n'a toutes les connaissances nécessaires pour le bien exercer. Il en est de même du marchand, fabricant ou non fabricant. Par la profession publique qu'il fait de son commerce, il se rend responsable de la bonté des marchandises qu'il débite. S'il est fabricant, il ne doit employer que de bons ouvriers et de bonnes matiéres premières. S'il n'est pas fabricant, il ne doit exposer en vente que de bonnes marchandises; il doit s'y connaître et n'en débiter que de bonnes.".

After stating that this is Porthier's doctrine, followed by modern authors, the commentator adds:

'La jurisprudence tend à rendre . . . ve . . . respon sable du dommage que l'acheteur eprouve, . . que lé-- fialement il soit de bonne foi en ce sens qu'il ignore le vice."

It is a principal of the common law that, in the absence of an express warranty the maxim caveat emptor applies in sales of personal property.

Yet the Supreme Court of the United States, in 110 U. S. 108, held that a party, holding himself out as having requisite skill and special knowledge of its own workmanship, should indemnify its vendee against latent defects which the latter could not by inspection have discovered for himself.

In the case of George vs. Shreveport Co., 116 La. 503, the Supreme Court, referring to the authorities we have cited, said:

"Laurent is of the opinion that, even where the seller is in good faith the purchaser can claim damages from him in the particular class of case under the circumstances to which he refers * * * We are of the opinion that the doctrine announced in 110 U. S. 108 (the same as that expressed by Laurent), is conservative, and that a manufacturer who disposes of the things which he himself has manufactured can properly and legitimately be held presumptively to a knowledge of the qualities of the things he sells, and we apply that presumption to the case before us."

That this presumption is conclusive is shown by the following extract from the dissenting opinion of the Justice Provosty, 38 S. R. 434:

"The majority opinion holds that a manufacturer is conclusively presumed to know the grade of his own products, and that, therefore, when he delivers goods, he is conclusively presumed to know what grade of goods he is delivering."

Bandry Lucantinorae, vente, p. 373, states that Pothier's doctrine is uniformly applied to cases where the sale is made by the manufacturer himself and adds:

"Toutefois, on admet généralement que le vendeur est presumé connaître les vices de la chose vendue lorsque c'est un ouvrier, un fabricant, qui vend des objects de sa fabrication; il doit en connaître les défauts et s'il en vend sans les signaler à l'acheteur, il doit réparer le dommage que celui-ci en éprouvera.; il doit connaître ce qu'il vend puisque c'est son œuvre, it s'il ne le connaît pas. il y a de sa part une impéritie qui est une faute professionelle et qui le rend responsable du préjudice."

See, also, 4 Fuzier Herman, p. 122, Nos. 1, 2; 16 Duranton, No. 323 (vente); 2 Troplong (vente) No. 574.

Applying the law to the facts of this case, it follows that defendants are conclusively presumed to have known the nature of the things prepared and sold by them and are liable for the damage caused by their latent defects.

Their liability is restricted to such damages as were contemplated or may reasonably be supposed to have been contemplated by the parties at the time the contract was entered into.

Revised Civil Code, 1934, 2516; 39 An. 586.

Among these must certainly be included the damages resulting directly as the natural and logical result of eating poisoned food.

The evidence as to the amount of damages is very meagre; the plaintiff suffered physical pain for a few hours; but was subjected to no loss of pay or special inconvenience. He is, under any circumstances, entitled to nominal damages for defendant's technical breach of contract.

113 La. 867.

We fix the amount at one hundred dollars ($100).

Judgment reversed and it is now ordered that there

be judgment in favor of Joseph Doyle, plaintiff, and against defendants, Fuerst & Kramer, Limited, in the sum of one hundred dollars with legal interest from date of judgment until paid, defendants to pay costs of both courts.

June 7, 1911.

Rehearing refused, June 30, 1911.

June 30, 1911, notice of intention to apply to Supreme Court for writ, etc.