■  LIGNACRAFT, INC., Appellant, v. AUTOMATION SERVICES, INC., Respondent.— Appeal from an order of the Supreme Court at Special Term, entered December 8, 1970 in Broome County, which denied plaintiff's motion for summary judgment, allowed defendant to set off its counterclaim to the amount of plaintiff's claim, and dismissed the complaint on the merits. Plaintiff filed a chapter XI petition under the Bankruptcy Act for a creditor's arrangement on October 8, 1968, whereupon plaintiff was appointed debtor in possession to continue its business. At that time plaintiff owed the defendant $10,918.65. Later, while pursuing the continuation of its business, plaintiff rendered services to defendant in the sum of $6,611.55 which defendant refused to pay, and plaintiff thereafter commenced this action against it for that debt. Subsequently, plaintiff's plan of arrangement was confirmed by the Bankruptcy Court. Defendant's answer admits the debt and sets forth a counterclaim in the amount of $10,918.65, the same claim as that listed in plaintiff's bankruptcy petition. Plaintiff's reply contains an affirmative defense that defendant's counterclaim is barred because it was discharged in bankruptcy. It was error for Special Term to allow a setoff of defendant's counterclaim against plaintiff's claim. The two statutes applied by the court, subdivision (b) of section 63 of the Bankruptcy Act (U. S. Code, tit. 11, § 103, subd. [b]) and section 151 of the Debtor and Creditor Law do not apply. Subdivision (b) of section 63 applies only to involuntary petitions, while chapter XI petitions are voluntary. In addition, defendant's claim arose prior to plaintiff's filing its petition. Section 151 of the Debtor and Creditor Law is also inapplicable. Defendant cannot set off a debt which did not exist at the time of filing, as this would result in the defendant's obtaining an inequitable preference. (See *Otis* v. *Shants,* 128 N. Y. 45.) Furthermore, defendant's claim is barred at law by virtue of discharge in bankruptcy of the original debt. (U. S. Code, tit. 11, §§ 767, 771.) Order reversed, on the law and the facts, and motion granted awarding summary judgment to plaintiff for the relief demanded in the complaint, with costs. Reynolds, J. P., Aulisi, Staley, Jr., Greenblott and Sweeney, JJ., concur.

■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY JENNER, Appellant.— Appeal from a judgment of the County Court, Schoharie County, convicting appellant, upon his plea of guilty, of the charge of criminal possession of a dangerous drug (Penal Law, § 220.05). It is readily evident that the responsibility for any excess delay in the processing of the instant case lies with the appellant's attempt to reach an accommodation as to the charges involved and not with the prosecutor (*People* v. *Ganci,* 27 N Y 2d 418, 422). Accordingly, we find no violation of appellant's constitutional right to a speedy trial, and the judgment, therefore, should be affirmed. Judgment affirmed. Reynolds, J. P., Aulisi, Staley, Jr., Greenblott and Sweeney, JJ., concur.