Chief Judge Fuld.
Some five months after the defendant’s indictment for burglary in April of 1967, his assigned counsel moved to suppress evidence taken from his apartment on the ground that it had been illegally obtained. Following a hearing, the court denied the motion and, in our view, properly so. That pretrial hearing was held and decided on Thursday, September 28,1967, the day before the trial was scheduled to begin. On the next day, the jury was selected and the trial adjourned, over the weekend, to Monday, October 2. On that day, prior to any further trial proceedings and before counsel opened to the jury, the defendant’s attorney requested a copy of the minutes of the pretrial hearing, as well as an adjournment to allow for their transcription. He explained that his delay in making the *466 request was owing to his inability earlier to communicate with the administrator of the local assigned counsel program in connection with the matter. The court denied the request, and the trial proceeded, culminating two days later in the jury’s verdict of guilt.
We have consistently held.-that an indigent defendant has a “fundamental constitutional right” to a free transcript of the minutes of a pretrial suppression hearing and that its denial requires a reversal of the judgment of conviction, even though no prejudice be shown and “ [r]egardless of the nature and quantum of proof against ” him. (People v. West, 29 N Y 2d 728, 729; see, also, People v. Peacock, 31 N Y 2d 907; People V. Zabrocky, 26 N Y 2d 530, 536-537.) We have insisted only that a “timely demand” shall have been made for such minutes. (People v. Peacock, 31 N Y 2d 907, 908, supra.) We have, however, upheld the timeliness of demands made immediately after the conclusion of the suppression hearing, though on the very “ eve of trial ”. (People v. Peacock, 31 N Y 2d 907, 910, supra; see, also, People v. West, 29 N Y 2d 728, 729, supra; People v. Zabrocky, 26 N Y 2d 530, 536-537, supra.)
The request in the case before us also followed closely upon the conclusion of the pretrial suppression hearing, and ample justification was shown for defense counsel’s brief delay in making the request. Although the jury had meanwhile been drawn, no other trial proceedings had as yet taken, place. Furthermore, tfie same two police officers who had testified at the brief pretrial hearing were also the prosecution’s principal witnesses at the trial, and no serious disruption of the trial could possibly have occurred if the judge had granted defense counsel’s application and allqwed an adjournment for the one or two days required for transcription of the minutes. Under the somewhat unusual circumstances here presented, we find no basis or warrant for applying a different rule in this case than we did in those in which the request was made immediately prior to trial. Accordingly, we conclude that the defendant is entitled to a reversal of his conviction and a new trial.
Nevertheless, further consideration of the subject suggests the desirability of laying down stricter, more definitive guidelines for decision in the future in order to avoid unwarranted delay, *467 by reason of last minute pretrial applications, and thereby effect a more prompt disposition of criminal prosecutions.
Examination of our decisions in this area over the past several years reveals that not infrequently the motion to suppress was not made until a day or two before trial — many months after the defendant had been indicted (see, e.g., People v. Zabrocky, 26 N Y 2d 530, supra [7 mos.]; People v. West, 29 N Y 2d 728, supra [8 mos.]; People v. Peacock, 31 N Y 2d 907, supra [10 mos.]) —and that, in consequence, the minutes of the hearing were not requested until as late as the very day before the trial was scheduled to begin. Although, as noted, our prior decisions have been quite liberal in holding such request timely, and we are according the defendant in this case the benefit of those decisions — indeed, a slight extension of their reach.— we now declare that we will hereafter insist on greater expedition in such cases. In the future, the defendant shall not only proceed with the requisite “ reasonable diligence ” in making his pretrial suppression motion (CPL 710.40, subd. 1; former Code Crim. Pro., § 813-d, subd. 1) but shall also make his request for a transcript of the minutes of any pretrial hearing prior to its conclusion.[1]
The order appealed from should be reversed and a new trial ordered in accordance with this opinion.

. We have, it should be noted, examined the other arguments advanced by the defendant and find them without merit.