■ LIZA TATE, an Infant, by Her Mother and Natural Guardian, SUSAN MCMAHON, et al., Appellants, v PAT V. COLABELLO et al., Respondents. — Order, Supreme Court, Bronx County (Coppalo, J.), entered May 28, 1981, which granted defendants' motion to set aside the jury verdict rendered in favor of plaintiff, Liza Tate, in the amount of $320,000 and ordered a new trial on both liability and damages, unanimously modified, on the law, to the extent of reinstating the jury verdict on liability and a new trial directed as to damages only, without costs, unless plaintiff, Liza Tate, within 20 days after service upon her of a copy of the order herein, with notice of entry, serves and files in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in favor of plaintiff, Liza Tate, to $150,000 and to entry of an amended judgment in accordance therewith, in which event the judgment, as so reduced and amended, is affirmed, without costs or disbursements. The trial court erred when it ordered a new trial as to liability. No cogent reason was given as to why a new trial on liability was necessary, and the court did not find that the verdict on liability was contrary to the weight of the evidence or that the interest of justice would be served thereby. The record clearly shows that there is no valid reason to set aside the verdict as to liability. Plaintiff was struck by a motor vehicle while riding a bicycle. She was 13 years old at the time of the accident and suffered a displaced fracture of the right clavicle, with consequent atrophy and drooping of the right shoulder which was approximately one inch lower than the left. In our view, the $320,000 is excessive on this record and should be reduced to $150,000. Concur — Carro, J. P., Lupiano, Silverman, Bloom and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE JOHNSON, Appellant. — Judgment, Supreme Court, Bronx County (Zimmerman, J.), rendered August 1, 1980, after a jury trial, convicting the defendant of criminal mischief in the fourth degree, and sentencing him to a term of nine months' imprisonment, unanimously reversed, on the law, and the indictment dismissed. It was reversible error for the hearing court to refuse defendant's timely request for a copy of the minutes of the pretrial *Mapp* hearing held to determine the admissibility of a television set seized from the codefendant during the arrest (*People v Sanders,* 31 NY2d 463, 466). With commendable candor the District Attorney acknowledges this error and consents to dismissal of the indictment, as it would not be in the interest of judicial economy to retry the case, defendant having served his sentence. Concur — Sandler, J. P., Carro, Lupiano, Bloom and Milonas, JJ.