that the gun used by him and a coparticipant, Faiz Hassan, was unloaded. The court failed to conduct a further inquiry after defendant revealed a potential affirmative defense (see *People v Serrano,* 15 NY2d 304; Penal Law, § 160.15, subd 4). Under these circumstances, the conviction for robbery in the first degree cannot stand (see *People v Hassan,* 79 AD2d 713). Modification of defendant's conviction from robbery in the first degree to robbery in the second degree is proper under the circumstances since the People have indicated their consent to such an arrangement, which defendant has requested (see *People v Waddell,* 66 AD2d 807; *People v Williams,* 58 AD2d 859). We find no merit in defendant's contention that he was deprived of the effective assistance of counsel. Damiani, J. P., Lazer, Mangano and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL REALINI, Appellant. — Judgment of the Supreme Court, Queens County (Dunkin, J.), rendered February 17, 1982, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT P. T., Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Nassau County (Vitale, J.), imposed February 19, 1982, upon his adjudication as a youthful offender after a plea of guilty to petit larceny, the sentence being a term of intermittent imprisonment for two weekends and three years' probation. Sentence modified, as a matter of discretion in the interest of justice, by reducing the sentence to a term of probation of three years. As so modified, sentence affirmed and case remitted to the Supreme Court, Nassau County, to fix the terms and conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). Under the circumstances of this case, it was an improvident exercise of discretion to impose a term of intermittent imprisonment and accordingly the sentence is modified to a term of probation of three years. Mollen, P. J., Thompson, Weinstein and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH VENTIMIGLIA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Naro, J.), rendered July 2, 1982, convicting him of attempted burglary in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed, and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). We find that defendant was not denied his due process right to a speedy trial (CPL 30.20; *People v Taranovich,* 37 NY2d 442). Furthermore, by entering a plea of guilty defendant forfeited his right to claim that he was deprived of his statutory right to a speedy trial (*People v O'Brien,* 84 AD2d 567, affd 56 NY2d 1009). Mangano, J. P., O'Connor, Brown and Boyers, JJ., concur.

# THIRD DEPARTMENT, JANUARY, 1983

## (January 6, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL P. CAMPBELL, Appellant. — Appeal from a judgment of the County Court of Clinton County (Goldman, J.), rendered February 27, 1981 upon a verdict

convicting defendant of the crime of conspiracy in the fourth degree. Defendant was indicted on December 13, 1979 on a charge of conspiracy in the fourth degree, alleged to have been committed on October 28, 1979 in Clinton County. The charge was based on an agreement that defendant made with a James Cramer to rob one Thomas Roche in the City of Plattsburgh of some $9,000 in connection with a sale of marihuana. In furtherance of this agreement, defendant is claimed to have provided Cramer with a loaded revolver which was displayed by Cramer in the course of the robbery of Roche, as the overt act of the conspiracy. Prior to defendant's trial, which commenced on January 29, 1981, Cramer pleaded guilty to attempted robbery and was sentenced to Clinton Correctional Facility. Cramer had been apprehended near Malone, New York, on October 28, 1979 by New York State Police officers, who had received a description of the vehicle used in the robbery from Roche. The vehicle was registered to defendant, but defendant was not present in the car at the time it was stopped. The investigating officers found a loaded .22 calibre gun and a brown paper bag filled with money in the car. On October 30, 1979, a police informant named Trumble, who also knew defendant, was wired with a remote transmitter and driven by police to defendant's home. The police monitored the conversation between defendant and Trumble in which defendant admitted his connection with the robbery. At about 11:30 P.M. of that same night, five police officers knocked on defendant's door, were admitted by defendant, and gave him his *Miranda* warnings. When the recorded conversation with Trumble was played for defendant, he identified his own voice, but said his statements were untrue and made to build up his own image to Trumble. Defendant was then arrested. On this appeal, defendant urges various grounds for reversal, but only two require discussion. The first involves the refusal of the trial court to grant defendant's request to charge the corroboration required of an accomplice under CPL 60.22, as to the witness Cramer. Cramer was called by the prosecution to supply proof of the commission of the underlying robbery, which defendant was charged with the conspiracy to commit, and of Cramer's commission of the overt act of displaying the gun he allegedly obtained from defendant to Thomas Roche, the victim, in furtherance of the conspiracy. While Cramer did admit on the witness stand the robbery and the use of the gun against Roche, he denied that defendant was involved in the crime in any way. Rather, he testified that he asked defendant to borrow his car without disclosing that it was to be used for a criminal venture, and that when defendant went to get the keys to the car, Cramer took defendant's gun, without defendant's knowledge, from a trunk in defendant's apartment where Cramer knew it was hidden. Therefore, according to Cramer, there was no conspiracy between him and defendant. On Cramer's testimony defendant could not have been convicted of any offense, so there was no need for the trial court to inform the jury that they could not convict defendant without evidence corroborative of Cramer's testimony tending to connect defendant with the commission of conspiracy; and if the trial court had done so it would be prejudicial to defendant. Any other interpretation of CPL 60.22 otherwise would be illogical. Furthermore, a strictly literal reading of that section has already been rejected in *People v Brooks* (34 NY2d 475), wherein the Court of Appeals refused to extend the wording of subdivision 2 of that section, i.e., "an offense based upon the same or some of the same facts or conduct which constitute the offense charged", so as to make a receiver of stolen goods an accomplice of the thief, and in *People v Fielding* (39 NY2d 607) the Court of Appeals refused to consider child victims (13 and 14 years old) as accomplices within the meaning of the statute. Without the testimony of Cramer, there is sufficient other evidence provided by the tape recordings

and defendant's own admissions of his participation, to sustain his conviction. A proper foundation for the admission of the tape recordings was made by the police officers (*People v McGee*, 49 NY2d 48, 60; *People v Rodriquez*, 78 AD2d 769). In regard to defendant's contention that his statutory and constitutional rights to a speedy trial were violated, the record is clear that the prosecution on four separate occasions, i.e., January 28, 1980; April 21, 1980; September 8, 1980 and November 3, 1980, announced its readiness for trial. These statements of readiness by the prosecution effectively exhausted the operational effect of CPL 30.30, and permitted the delay of approximately 15 months, from the commencement of the action until trial, to be legally excused on the grounds of court congestion (*People v Giordano*, 81 AD2d 1003, affd 56 NY2d 524). The court congestion, the time consumed by defendant's pretrial motions, and defendant's admission to bail for most of the pretrial period fail to demonstrate that his constitutional right to a speedy trial was violated under the standards of *People v Taranovich* (37 NY2d 442). The other errors alleged by defendant have been examined and found inconsequential. Accordingly, the judgment of conviction should be affirmed. Judgment affirmed. Mahoney, P. J., Kane, Casey, Mikoll and Levine, JJ., concur.