OPINION OF THE COURT
 

 Memorandum.
 

 The appeals in these three cases should be dismissed upon the ground that no substantial constitutional question is involved.
 

 In each of these juvenile delinquency proceedings, the appellant, a juvenile under 16 years of age, was charged with having committed an act which, if done by an adult, would have constituted a crime
 
 (see,
 
 Family Ct Act art 3). In each case, Family Court held a brief
 
 Wade
 
 or
 
 Huntley
 
 hearing, well under an hour in length, followed immediately by a fact-finding hearing lasting no longer than two hours. In two of the cases, one witness testified at the pretrial hearing; in the third, three witnesses testified. All pretrial witnesses then testified at the fact-finding hearings. In each case the Judge and counsel were the same at the pretrial and the fact-finding hearings. In
 
 Eric W.
 
 and
 
 Arthur L.
 
 defense counsel informed the court at the beginning of the
 
 Wade
 
 hearings that they wanted copies of transcripts of the hearings, as well as adjournments of the fact-finding hearings to permit transcription, and unsuccessfully renewed those requests immediately prior to the fact-finding hearings. In
 
 Dwayne R.
 
 counsel first requested a transcript of the
 
 Huntley
 
 hearing and an adjournment to permit transcription at the beginning of the fact-finding hearing, which the court denied.
 

 In each case appellant was adjudicated a juvenile delin
 
 *636
 
 quent, and on appeal from the Family Court order of disposition, the Appellate Division affirmed, without opinion. The appeals have been taken to this court on constitutional grounds pursuant to CPLR 5601 (b) (1). Each appellant urges that the trial court erred when it refused to grant an adjournment of the fact-finding hearing so that he could obtain a transcript of the pretrial hearing. Ordinarily, of course, the decision whether to grant an adjournment of trial is within the sound discretion of the trial court and not of constitutional dimension. Appellants argue, however, that a constitutional question is involved because they were entitled, as a matter of due process, to transcripts of pretrial proceedings, and that the failure to provide transcripts denied them fair trials
 
 (see, People ex rel. Cadogan v McMann,
 
 24 NY2d 233;
 
 People v Ballott,
 
 20 NY2d 600;
 
 People v Rosario,
 
 9 NY2d 286,
 
 cert denied
 
 368 US 866).
 

 The appeals should be dismissed. In
 
 Dwayne R.
 
 the purported constitutional issue has not been preserved for review. As we made clear in
 
 People v Sanders
 
 (31 NY2d 463, 467), a defendant must "make his request for a transcript of the minutes of any pretrial hearing prior to its conclusion.” No such request was made in the case of
 
 Dwayne R.
 

 Although we have stated that "an indigent defendant has a 'fundamental constitutional right’ to a free transcript of the minutes of a pretrial suppression hearing”
 
 (People v Sanders,
 
 31 NY2d 463, 466,
 
 supra,
 
 quoting
 
 People v West,
 
 29 NY2d 728, 729;
 
 see, People v Peacock,
 
 31 NY2d 907;
 
 People v Zabrocky,
 
 26 NY2d 530, 536;
 
 cf. People v Ballott,
 
 20 NY2d 600, 604,
 
 supra),
 
 such cases stand for the proposition that, where a defendant with funds is entitled to procure a pretrial transcript, the equal protection clauses of the State and Federal Constitutions (NY Const, art I, § 11; US Const, 14th Amend, § 1) afford an indigent defendant a similar right. Equal protection is not implicated here, and appellant’s due process claims are without basis. On the facts presented, the denial of trial adjournments was not even an abuse of discretion. The complainants, appellants, witnesses, attorneys and Judges were present in court and able to proceed without delay, as indeed they did. Neither appellant claims that there was any prejudice in proceeding from the brief pretrial proceedings to the brief fact-finding hearings involving the same witnesses, counsel and Judge. Nor was any right of appellants under Family Court Act § 331.4 (1) (a) violated by a failure to make available transcripts which the presentment agency itself did not have.
 
 *637
 
 We therefore need not consider whether noncompliance with that statute could constitute a due process violation.
 

 In each case: Appeal dismissed, without costs, in a memorandum.