■ The People of the State of New York, Respondent, v Anthony Green, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's request for the transcript of the *Wade* hearing was not made prior to the conclusion of the hearing *(People v Sanders,* 31 NY2d 463, 467) and, therefore, was untimely *(see, Matter of Eric W.,* 68 NY2d 633). Moreover, defendant suffered no prejudice from the court's denial of his request for an adjournment of the victim's trial testimony until the *Wade* hearing could be transcribed. Only about 1½ hours separated the conclusion of the hearing and the commencement of the victim's testimony, and defense attorney was able to impeach the complainant's trial testimony with her testimony at the *Wade* hearing.

The court did not err by allowing the complainant to identify defendant at trial. The complainant was not subjected to a police-arranged confrontation for identification purposes.

Her chance encounter with defendant in the corridor of the courthouse was not a pretrial identification procedure; thus, CPL 710.30 is not implicated (see, People v Gissendanner, 48 NY2d 543, 552; People v Crespo, 111 AD2d 251).

The court did not abuse its discretion by denying defendant's request for a severance (People v Bornholdt, 33 NY2d 75, 87, cert denied sub nom. Victory v New York, 416 US 905). We have examined defendant's remaining arguments and find them either unpreserved for review or lacking in merit. (Appeal from judgment of Onondaga County Court, Gorman, J.—burglary, first degree.) Present—Doerr, J. P., Boomer, Pine and Davis, JJ.