(December 31, 1991)

■ The People of the State of New York, Respondent, v Earl Coleman, Appellant.—Per Curiam. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered March 17, 1988, (1) upon a verdict convicting defendant of the crimes of burglary in the second degree and criminal possession of stolen property in the first degree, and (2) convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.

Defendant was arrested at his sister's home the morning of July 15, 1986 in the Village of Liberty, Sullivan County. The arrest was prompted by a burglary that had occurred the day before near his sister's home. Defendant was ultimately indicted for burglary in the second degree and criminal possession of stolen property in the first degree (counts 1 and 2); in connection with unrelated events, he was also indicted for criminal possession of a weapon in the third degree and criminal sale of a firearm in the second degree (counts 3 and 4). Following a jury trial in January 1988, defendant was convicted on counts 1 and 2 which had been severed from counts 3 and 4. Thereafter, he entered into negotiations with the prosecutor regarding counts 3 and 4. In February 1988, defendant pleaded guilty to count 3 in full satisfaction of counts 3 and 4 and, in March 1988, defendant was sentenced as a second felony offender in accordance with the plea bargain to concurrent indeterminate terms of imprisonment of 5 to 10 years for count 1, 3½ to 7 years for count 2, and 3½ to

7 years for count 3 (in satisfaction of counts 3 and 4). Defendant's *pro se* notice of appeal states that he is appealing the convictions rendered on all three counts.

We reject defendant's contention that his statutory and constitutional rights to a speedy trial were infringed. The record is clear that the prosecution announced its readiness for trial, as required, within six months of the commencement of the case *(see, People v Giordano,* 56 NY2d 524, 525; *People v Campbell,* 91 AD2d 1075, 1077) and remained ready thereafter *(see, People v Anderson,* 66 NY2d 529, 535-536). Hence, there was no violation of his right to a speedy trial pursuant to CPL 30.30.

Nor do we find, upon balancing the factors to be considered in determining whether defendant's constitutional right to a speedy trial has been denied *(see, People v Taranovich,* 37 NY2d 442, 445), that a speedy trial was not furnished. The 17½-month pretrial delay and incarceration during that period do not in and of themselves entitle defendant to dismissal of the indictments *(see, People v Imbesi,* 38 NY2d 629, 631). This delay was occasioned by defendant's efforts to arrange a plea bargain *(see, People v Jenner,* 37 AD2d 786), his various motions and requests for adjournments, normal court congestion and the unavailability of the transcript of the suppression hearing; no delinquency on the prosecution's part was shown.

Furthermore, the underlying charges are felonies and defendant is already a predicate felon. In addition, on July 18, 1986, three days after the beginning of his pretrial incarceration and as a result of the charges here at issue, defendant began to serve time for violating his parole release conditions; he had previously been convicted of robbery in the third degree. Finally, while defendant's own involvement in preparing his defense was necessarily limited by his confinement, no other impairment to his defense is apparent *(see, People v Taranovich, supra).* The fact that a witness for the People, whom the defense had planned to impeach, was unavailable to testify at trial worked no prejudice upon defendant.

Defendant's claim that he was denied a fair trial because he did not receive a transcript of the suppression hearing prior to trial is also lacking in merit. In *People v Sanders* (31 NY2d 463, 466-467), the Court of Appeals concluded that more definitive guidelines were necessary in order to avoid unwarranted delay resulting from last minute pretrial applications in criminal actions and declared that "[i]n the future, the defendant shall not only proceed with the requisite 'reason-

able diligence' in making his pretrial suppression motion * * * but shall also make his request for a transcript of the minutes of any pretrial hearing *prior to its conclusion" (supra,* at 467 [emphasis supplied]). It is our view that compliance with this guideline requires a request either on the record at the suppression hearing or communicated in some other way to the suppression court prior to the conclusion of the suppression hearing. The only evidence of any request in the case at bar consists of a letter addressed to the court reporter. Although the letter is dated shortly before the last day of the hearing, there is no evidence that it was received or even mailed prior to the conclusion of the hearing. In any event, there is no evidence that the request was communicated to the suppression court prior to the conclusion of the hearing.

The authority and obligation to protect an indigent defendant's constitutional rights rest with the court, not a court reporter, and the refusal to comply with a timely request for the transcript constitutes a reversible error committed by the court *(see, People v Johnson,* 88 AD2d 552), which apparently is not subject to harmless error analysis *(People v Sanders, supra,* at 466; *see, People v West,* 29 NY2d 728, 729). Because a failure to comply with an indigent defendant's request for a transcript of the suppression hearing results in the denial of a fundamental constitutional right and constitutes reversible error, it is our view that the timely request required to preserve the issue for review *(see, Matter of Eric W.,* 68 NY2d 633, 636) must be communicated to the suppression court.

The record also contains two letters from defense counsel to County Court, but neither one requests a transcript. In any event, both letters were sent long after the suppression hearing had concluded and, therefore, could not be considered as timely requests sufficient to preserve the issue. Nor was the issue preserved by defendant's reference to the lack of the transcripts contained in his motion to dismiss on speedy trial grounds brought months after the suppression hearing, when he learned that the trial was imminent.

Next, defendant does not have, as he maintains, a constitutional or statutory right to pretrial disclosure of the identity of prosecution witnesses *(see, People v Miller,* 106 AD2d 787, 788). The discovery of witnesses rests in the trial court's discretion *(People v Lynch,* 23 NY2d 262, 271-272). In our view, that discretion was not abused and defendant was not denied a fair trial by virtue of County Court's denial of his preclusion motion based upon the People's announcement two days before trial that they would call several witnesses whose

names did not appear on the previously offered witness list. We also find that County Court's determination following the suppression hearing that defendant's sister voluntarily consented to the search is amply supported by the record *(see, People v Del Valle,* 149 AD2d 610, 611).

The plea minutes reveal that in exchange for defendant's guilty plea to count 3, the prosecution would recommend a sentence of 3½ to 7 years in prison. Additionally, it was agreed that when defendant was subsequently sentenced on the convictions on counts 1 and 2, the People would recommend a sentence of 5 to 10 years to run concurrently with the sentence of 3½ to 7 years. It was also understood that if County Court was unable to follow this recommendation, "defendant will be seeking to have his plea returned and proceed to trial". The record contains no such application and no reference thereto is made in defendant's brief; accordingly, we have concerned ourselves on this appeal only with those issues generated by defendant's trial on counts 1 and 2.

Casey, J. P., Mikoll and Crew III, JJ., concur.

Yesawich Jr., J. (dissenting). We would reverse and remit for a new trial.

The Court of Appeals has consistently and categorically declared that "an indigent defendant has a 'fundamental constitutional right' to a free transcript of the minutes of a pretrial suppression hearing and that its denial requires a reversal of the judgment of conviction, even though no prejudice be shown and '[r]egardless of the nature and quantum of proof against' [the defendant]" *(People v Sanders,* 31 NY2d 463, 466, quoting *People v West,* 29 NY2d 728, 729) as long as a request for such a transcript is made prior to the conclusion of the pretrial hearing *(Matter of Eric W.,* 68 NY2d 633, 636; *People v Sanders, supra,* at 467; *People v Green,* 149 AD2d 919, *lv denied* 74 NY2d 810). The announced purpose of this rule is to avoid unwarranted delay in criminal prosecutions.

Although in *People v Sanders (supra)* a request for the transcript was made to the Trial Judge along with a motion for an adjournment, the Court of Appeals did not specify to whom the request must be made. Here, there was a four-day suppression hearing beginning April 15, 1987 and ending May 14, 1987. Defendant made a request of the court reporter for a copy of the May 8, 1987 transcript by letter of his attorney dated May 12, 1987; there is no evidence that this request was not received. Thereafter, by letter dated June 25, 1987, with a copy to the reporter, and letter of July 24, 1987 the attorney

advised County Court of this request. In her letter of June 25, 1987, defendant's counsel informed the court that she was awaiting the transcript and that the "[court reporter] estimates that the transcript will be ready the week of July 6th". On July 24, 1987, defendant's attorney wrote to the court as follows: "Due to the stalemate in the plea bargaining process, I must renew my request to be permitted to submit to this Court a Memorandum of Law concerning the facts and issues raised at the Suppression Hearing prior to the Court's decision which must be rendered before trial. However, I will need the complete transcript which [the court reporter] is still working on. I will need a few days to review the transcript and submit the Memorandum."

It strikes us that defendant's circumstance comes well within the rule as announced by the Court of Appeals. There is no question that defendant is indigent, that a timely demand was made for the suppression minutes, that no delay in the prosecution of the case was occasioned by that demand and that the minutes were not received until seven months after the conclusion of the trial. Our colleagues have undertaken to add an element which goes beyond the express terms of the Court of Appeals' guidelines in *Sanders*. We have no quarrel with their proposal, indeed we find it salutary; however we believe that implementing it retroactively, as has been done here, is simply unfair.

Levine, J., concurs. Ordered that the judgment is affirmed.