■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALPHEAUS MARCUS, Appellant. [681 NYS2d 11] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered December 8, 1994, convicting defendant, after a jury trial, of attempted robbery in the first degree, criminal possession of a weapon in the second degree and criminal possession

of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7 to 14 years on the robbery and second-degree weapon convictions, and 3½ to 7 years on the third-degree weapon conviction, unanimously affirmed.

The denial of an adjournment of trial to allow defense counsel to obtain a more complete set of daily copy for the hearing minutes was not a denial of defendant's fundamental rights (*see, Matter of Eric W.*, 68 NY2d 633, 636), and defendant was not unduly prejudiced (*see, People v Green*, 149 AD2d 919), particularly since the court made appropriate accommodations for defendant's benefit.

The verdict was based on legally sufficient evidence and was *not against the weight of the evidence.* The credible evidence established the statutory element of display of a firearm (*see,* Penal Law § 160.15 [4]). The jury could have reasonably concluded, from the totality of circumstances, that at least during the initial portion of defendant's attempt to take the bicycle by force, the nontestifying victim perceived that he was being threatened with a firearm (*see, People v Cole*, 216 AD2d 128, 129, *lv denied* 86 NY2d 872).

No missing witness charge was warranted, since the witness in question was outside the People's control. We have considered defendant's remaining arguments, including those contained in his *pro se* supplemental brief, and find them to be without merit. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Andrias and Saxe, JJ.