Appeal by the defendant from a judgment of the County Court, Suffolk County (Ohlig, J.), rendered March 25, 1999, convicting him of burglary in the second degree (three counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and a new trial is ordered.
An indigent defendant has a constitutional right to a free copy of transcripts of a pretrial suppression hearing and a prior trial (see People v Sanders, 31 NY2d 463,466 [1973]; People v Zabrocky, 26 NY2d 530, 536 [1970]). Denial of this right *469 “requires a reversal of the judgment of conviction, even though no prejudice be shown and ‘[r]egardless of the nature and quantum of proof against’ him” (People v Sanders, supra at 466). “[W]hen a defendant requests a transcript and when that request is accompanied by an affidavit of indigency, the State must honor that request” (People v Montgomery, 18 NY2d 993, 994 [1966]).
In this case, the trial court denied the defendant’s motion for a free copy of the transcripts of his first trial and suppression hearing because he had retained counsel. Although the defendant submitted an affidavit attesting to his status as an indigent, and his attorney affirmed that his fees were being paid for by the defendant’s family and friends, the trial court found that the defendant was not indigent. We disagree. A defendant’s status as an indigent is not altered merely because his or her family and friends retain private counsel to represent him or her at trial (see Fullan v Commissioner of Corrections of State of N.Y., 891 F2d 1007 [1989], cert denied 496 US 942 [1990]; New Jersey v Morgenstein, 147 NJ Super 234, 371 A2d 96 [1977]).
In light of our determination, we do not reach the defendant’s remaining contention. Ritter, J.P, Florio, S. Miller and Luciano, JJ., concur.