■ In the Matter of DAVID R., a Person Alleged to be a Juve-
nile Delinquent, Appellant. [769 NYS2d 893]—

Order of disposition, Family Court, Bronx County (Harold Lynch, J.), entered on or about October 19, 2001, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crimes of obstruction of governmental administration in the second degree and attempted assault in the third degree, and placed him on probation for a period of 18 months, unanimously affirmed, without costs.

Delays in the completion of the fact-finding hearing did not violate appellant's right to a speedy trial. By its plain language and structure, Family Court Act § 340.1 applies only to adjournments of the *commencement* of the fact-finding hearing, not to adjournments after the fact-finding hearing has started (*see e.g. Matter of Nathaniel F.*, 1 AD3d 203 [2003]; *Matter of George T.*, 290 AD2d 396 [2002], *revd on other grounds* 99 NY2d 307 [2002]). Unlike the situation with respect to probable cause hearings (*see* Family Ct Act § 325.2 [4]), the statute is silent as to how soon a fact-finding hearing should be *completed* once it has been commenced.

Adjournments of a trial that has been commenced are addressed to the court's sound discretion (*see e.g. Matter of Eric W.*, 68 NY2d 633, 636 [1986]; *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]). While there are important policy reasons for swiftly completing a fact-finding hearing, especially when the juvenile is in detention (*see Matter of Bernard T.*, 92 NY2d 738, 745 [1999]), and while we do not approve of "piecemeal" fact-finding hearings (*see Matter of George T.*, 99 NY2d at 311), we find that the delay in completion of appellant's fact-finding hearing does not warrant dismissal. We note that even if Family Court Act § 340.1 (6) governed postcommencement delays, in the main, the adjournments were justified by "special circumstances" under that provision, such as the death of the complainant's brother, the complainant's own illness and the illness of the law guardian (*see Matter of Irene B.*, 244 AD2d 226, 226-227 [1997], *lv denied* 91 NY2d 809 [1998]; *Matter of Anthony H.*, 219 AD2d 436, 443 [1996]). Concur—Buckley, P.J., Tom, Ellerin and Marlow, JJ.