In the Matter of ALIZIA McK., a Person Alleged to be a Juvenile Delinquent, Appellant. [808 NYS2d 657]—

Order of disposition, Family Court, Bronx County (Myrna Martinez-Perez, J.), entered on or about April 5, 2004, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that she committed acts, which, if committed by an adult, would constitute the crimes of attempted gang assault in the second degree, attempted assault in the first and second degrees, assault in the second degree, menacing in the second degree and criminal possession of a weapon in the fourth degree, and placed her with the Office of Children and Family Services in a limited secure facility for 18 months, without credit for time spent in detention pending disposition, unanimously affirmed, without costs.

The court properly exercised its discretion in declining to recuse itself after it initiated a complaint against appellant and appellant's mother and sister for creating a violent courtroom disturbance. The court was not "interested" in the proceedings, within the meaning of Judiciary Law § 14. The charges which arose from the disturbance were unrelated to the proceedings against appellant over which the court presided. Absent a legal disqualification under Judiciary Law § 14, recusal is a discretionary decision within the personal conscience of the court (*see People v Moreno*, 70 NY2d 403 [1987]). In this case there are no circumstances that would bring the court's impartiality into question.

We reject appellant's speedy trial arguments. Family Court Act § 340.1 sets time limits for the commencement of a fact-finding hearing, not its completion (*see e.g. Matter of Nathaniel F.*, 1 AD3d 203 [2003]). While hearings should generally not be conducted in "piecemeal fashion" (*Matter of George T.*, 99 NY2d 307, 311 [2002]), postcommencement adjournments are governed by the court's sound discretion (*see Matter of Eric W.*, 68 NY2d 633, 636 [1986]; *Matter of Anthony M.*, 63 NY2d 270, 283 [1984]; *Matter of David R.*, 3 AD3d 348 [2004], *lv denied* 2 NY3d 703 [2004]). This was a long and complicated hearing with numerous witnesses and many delays attributable to the defense. The only adjournment to which appellant objected was for a two-week period to accommodate the Assistant Corporation Counsel's wedding and honeymoon. The court properly concluded that it would have been improvident to require a new Assistant Corporation Counsel to appear, who would have been unfamiliar with the case. Thus, the court properly granted the adjournment.

Under the specific circumstances of this case, where at least one parent was available for consultation at all times (with appellant's father actually present in the court for much of the hearing), where the Law Guardian initially waived the appointment of a guardian ad litem, where appellant was not prevented from consulting with a parent at any point and where the appointment of a guardian ad litem would have usurped the parents' role, it would have been "inappropriate" (Family Ct Act § 741 [a], [c]) for the court to have appointed a guardian ad litem after excluding appellant's mother from the courtroom for instigating a violent disturbance.

The court's disposition was proper in light of appellant's lack of remorse, her violation of the terms of her probation and her negative adjustment while under supervision, and the need to protect the community (*see e.g. Matter of Frank C.*, 211 AD2d

596 [1995]). Concur—Saxe, J.P., Friedman, Williams, Catterson and Malone, JJ.