People v Potter (2025 NY Slip Op 25044)

[*1]

People v Potter

2025 NY Slip Op 25044

Decided on February 21, 2025

County Court, Genesee County

Cianfrini, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 21, 2025
County Court, Genesee County

The People of the State of New York

against
Wayne D. Potter, Defendant.

Indictment No.70760-24/001

Kevin T. Finnell, Esq., Genesee County District Attorney
BY: Joseph J. Robinson, Esq., First Assistant
Molly M. Deacon, Esq., Attorney for Defendant

Melissa Lightcap Cianfrini, J.

DECISION AND ORDER
The Genesee County Grand Jury has returned an indictment charging the defendant, Wayne D. Potter, (hereinafter, "Defendant") with Sex Offender Failure to Register and to Verify, a class D felony, in violation of Correction Law §§ 168-f (4) and 168-t.
The Court has examined the Grand Jury minutes pursuant to the Defendant's notice of omnibus motion received on January 2, 2025, together with an Attorney Affirmation of Molly M. Deacon, Esq., received on January 2, 2025. In opposition, the People have submitted an Answering Affirmation of First Assistant District Attorney Joseph J. Robinson, affirmed on January 31, 2025. Oral arguments were held on February 19, 2025.
The evidence presented to the Grand Jury has been examined in accord with the Defendant's application pursuant to CPL § 210.30(2).
CPL § 190.65(1) provides that the Grand Jury may indict when:
"(a) the evidence before it is legally sufficient to establish that such person committed such offense.... and (b) competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense."
"The first prong of the statute requires that the People present a prima facie case; and the second dictates the degree of certitude grand jurors must possess to indict. Furthermore, on a motion to dismiss an indictment under CPL § 210.20(1)(b), the inquiry of the reviewing court is limited to the legal sufficiency of the evidence; the court may not examine the adequacy of the proof to establish reasonable cause, since that inquiry is exclusively the province of the Grand Jury". See People v. Jennings, 69 NY2d 103; See People v. Swamp, 84 NY2d 725.
This Court finds that the instructions given by the prosecutor to the Grand Jury were legally sufficient and the Grand Jury proceedings were not defective. See People v. Calbud, 49 NY2d 389.
There was legally sufficient evidence presented before the Grand Jury to sustain the charges contained in the indictment. See Jennings; See Swamp.
The Defendant's motion for a dismissal or reduction of the indicted charges upon the Court's review of the minutes is DENIED. See CPL § 210.20.
The defense has been provided the testimony of the witnesses before the Grand Jury pursuant to CPL § 245. The release of any further Grand Jury minutes is DENIED.
Based on this Court's review of the Grand Jury proceedings, the evidence is legally sufficient to sustain the charges set forth in this indictment and, therefore, the motion to dismiss this indictment is DENIED.
Unconstitutional Vagueness [FN1]

Defendant asserts that Cor. Law § 168 -f (4) is unconstitutional as it is void for vagueness.[FN2]
The Defendant's reliance upon the Allen [FN3]
holding from the First Department is misplaced. Moreover, the facts in Allen are distinguishable from the case at bar.[FN4]

In the case of Allen, the defendant was a Level 3 sex offender and never registered a physical address with DCJS. The defendant in Allen refused to reside in a homeless shelter, because of concerns for his own safety. Furthermore, in Allen, the focus was Cor. Law § 168-f (3), which requires a personal appearance (emphasis added) with local law enforcement given his Level 3 sex offender status. The focus in our case is Cor. Law § 168 -f (4), which does not require a personal appearance to local law enforcement. Critical to the holding in Allen was the Court of Appeals admonishments provided below:
To be clear, we are by no means holding that all homeless sex offenders are exempt from the statute's reporting requirements. Our decision renders unconstitutional the address registration requirement as applied to homeless sex offenders who, like defendant here, possess no address for their residence.
See Allen at 118.
In our case, the Defendant, who was classified as a level two sex offender, received services from Genesee County and previously resided at a physical address. The Defendant reported this physical address to the New York State Division of Criminal Justice Services (hereinafter, "DCJS"). After the Defendant lost his housing services paid for by Genesee County due to a "sanction", the Defendant vacated the physical premises. Thereafter, the Defendant [*2]never "verified" his change of address to DCJS pursuant to Correction Law §§ 168-f (4) and 168-t.
Another distinguishable issue in this case and central to this Court's analysis is the fact that Defendant had previously filed an address notification with DCJS indicating he was homeless. See Court Exhibit 1.[FN5]
As such, the Defendant understood his registration requirements whether he had a physical address or was homeless.
Accordingly, this Court determines that Correction Law § 168-f (4)) is not void for vagueness under the facts of this case.
Defendant's request that any pre-trial hearing be held sufficiently in advance of trial to permit transcription of the minutes pursuant to People v. Sanders, 31 NY2d 463 is DENIED with leave to reapply at the conclusion of any such hearing.
This Court has address Sandoval/Ventimiglia and CPL § 245.20(3)(a) in a separate trial scheduling order which was hand delivered to counsel and the Defendant on February 19, 2025.
Regarding defense counsel's reservation of the right to file additional pre-trial motions, if needed, the Court notes that it will entertain such additional motions in accordance with the provisions of CPL § 255.20(3).
This Decision constitutes the Order of this Court.
DATED: February 21, 2025
Batavia, New York
HON. MELISSA LIGHTCAP CIANFRINI
Genesee County Court Judge

Footnotes

Footnote 1:Defense Counsel confirmed on the record that she did not advise the Attorney General's office of her constitutional challenge to Cor. Law § 168 -f (4). As such, the Attorney General's office was not given the opportunity to intervene.

Footnote 2:On February 21, 2025 Attorney Deacon, after oral arguments, requested that this Court issue an order directing the Defendant to serve notice on the Attorney General. The Court DENIES that request and the unconstitutional vagueness argument will be decided on the merits and facts before this Court, not on failure to serve Notice to the Attorney General's office.

Footnote 3:People v. Allen, 213 AD3d 73 (1st Department).

Footnote 4:The Defendant in Allen was also charged with the more serious crime of Criminal Possession of a Weapon in the Third Degree pursuant to Penal Law § 265.02 and originally pled guilty to both charges with the sentences to run concurrently. Moreover, the Defendant in Allen was classified as Level 3 offender for registration purposes and never previously listed his address as "homeless" like Mr. Potter.

Footnote 5:A copy of Defendant's NYS Sex Offender Change of Address form dated June 28, 2024.