People v Gilmore (2020 NY Slip Op 02936)





People v Gilmore


2020 NY Slip Op 02936


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2017-07226
2017-07227 Ind. Nos. 5829/16, 8063/16

[*1]The People of the State of New York, respondent,
v
David Gilmore, appellant.


Janet E. Sabel, New York, NY (Whitney Elliott of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, and Andrew Ayala of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Cassandra Mullen, J.), both rendered June 6, 2017, convicting him of attempted criminal possession of a weapon in the second degree under Indictment No. 5829/16, and attempted criminal possession of a weapon in the second degree under Indictment No. 8063/16, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered under Indictment No. 5829/16 brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgments are affirmed.
We agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress physical evidence without conducting a hearing (see CPL 710.60[3][a]). The defendant failed to allege facts that, if true, establish that he had standing to challenge the warrantless entry and subsequent search of the subject apartment (see People v Burton, 6 NY3d 584, 587). The defendant's allegations failed to show any connection to the listed residents or any other indicia of a legitimate or recognizable connection to the apartment
(see People v Rodriguez, 69 NY2d 159, 164-165; People v Melendez, 160 AD2d 739; see also People v Stanley, 50 AD3d 1066, 1067).
Contrary to the defendant's contention, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court