People v Rice (2020 NY Slip Op 03402)





People v Rice


2020 NY Slip Op 03402


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-01433
2019-01931
 (Ind. No. 2772/17)

[*1]The People of the State of New York, respondent,
v
Tevon Rice, appellant.


Eric Shapiro Renfroe, Forest Hills, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Jie Gao, and Sharon Y. Bradt of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) an order of the Supreme Court, Queens County (Daniel Lewis, J.), dated November 5, 2018, denying those branches of his omnibus motion which were to suppress physical evidence and his statement to law enforcement officials, and (2) a judgment of the same court, rendered January 8, 2019, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the matter is remitted to the Supreme Court, Queens County, for a new determination of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials in accordance herewith, and thereafter a report to this Court advising it of the new determination, and the appeal from the judgment is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.
On July 12, 2017, police officers allegedly found a firearm in a backpack in the backyard of a vacant house in Queens. The defendant, whose godmother lived at the adjacent property, was present with seven other people. The defendant and the others were all arrested. At the police precinct, the defendant admitted that the backpack and gun belonged to him.
The defendant was charged in an indictment with, among other things, criminal possession of a weapon in the second degree. In an omnibus motion, he moved, inter alia, to suppress the physical evidence and his statement to the police. In response to the defendant's omnibus motion, the People argued that the officers' conduct was justified under People v De Bour (40 NY2d 210), the defendant abandoned the backpack in the backyard of a vacant house, and he lacked permission to be on that property and, therefore, lacked standing to challenge the legality of the seizure of the physical evidence.
The Supreme Court conducted a suppression hearing, at which the People presented the testimony of the police officers who discovered the backpack, arrested the defendant, and recorded his statement at the precinct. The defendant presented the testimony of his godmother. After the [*2]hearing, the defendant argued that the physical evidence and his statement to the police should be suppressed as fruit of the poisonous tree because the officers' warrantless search and seizure was unlawful. The People argued that the defendant lacked standing to challenge the search of the backpack because he had abandoned it and to challenge the search of the backyard because he was a trespasser with no reasonable expectation of privacy therein. The People additionally argued that the defendant's statement was not fruit of the poisonous tree because the officers had probable cause for his arrest and the defendant was properly given Miranda warnings before he made the statement (see Miranda v Arizona, 384 US 436).
In an order dated November 5, 2018, the Supreme Court summarily denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement, without indicating any basis for its decision. The defendant subsequently pleaded guilty to criminal possession of a weapon in the second degree, and was sentenced in accordance with the plea agreement. The defendant appeals from the order denying the suppression branches of his omnibus motion and from the judgment.
The defendant's appeal from the order must be dismissed, as no appeal lies, as of right or by permission, from an order denying a motion to suppress evidence (see CPL 450.10, 450.15; People v Hernandez, 98 NY2d 8, 10; People v Stevens, 91 NY2d 270, 277). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment.
"Upon an appeal to an intermediate appellate court from a judgment, sentence or order of a criminal court, such intermediate appellate court may consider and determine any question of law or issue of fact involving error or defect in the criminal court proceedings which may have adversely affected the appellant" (CPL 470.15[1]). The Court of Appeals "has construed CPL 470.15(1) as a legislative restriction on the Appellate Division's power to review issues either decided in an appellant's favor, or not ruled upon, by the trial court" (People v LaFontaine, 92 NY2d 470, 474). "CPL 470.15(1) bars [the Appellate Division] from affirming a judgment, sentence or order on a ground not decided adversely to the appellant by the trial court'" (People v Nicholson, 26 NY3d 813, 825 [emphasis omitted], quoting People v Concepcion, 17 NY3d 192, 195).
Here, we must hold the appeal from the judgment in abeyance and remit the matter to the Supreme Court, Queens County, to articulate the basis or bases for its denial of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials. The court did not set forth the basis or bases for its denials of those branches of the defendant's omnibus motion, and on this record, we cannot determine the unarticulated predicate for these rulings (cf. People v Nicholson, 26 NY3d at 825-826). Therefore, in order to avoid exceeding our statutory authority pursuant to CPL 470.15(1), we hold the appeal from the judgment in abeyance and remit the matter to the Supreme Court, Queens County, for a new determination of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials (see People v Harris, 175 AD3d 1555; People v Thomas, 167 AD3d 1050). The court shall articulate the basis for its determination based upon the evidence presented at the previously conducted suppression hearing, and, in accordance with CPL 710.60(6), the court "must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination."
MASTRO, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court