People v Rice (2022 NY Slip Op 02437)

People v Rice

2022 NY Slip Op 02437

Decided on April 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.

2019-01931
 (Ind. No. 2772/17)

[*1]The People of the State of New York, respondent,
v
Tevon Rice, appellant.

Eric Shapiro Renfroe, Forest Hills, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Jie Gao, and Sharon Y. Brodt of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered January 8, 2019, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials. By decision and order of this Court dated June 17, 2020, the matter was remitted to the Supreme Court, Queens County, for a new determination of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials, and thereafter a report to this Court advising of the new determination. The appeal was held in abeyance pending receipt of the Supreme Court's report (see People v Rice, 184 AD3d 744). The Supreme Court has now filed its report, dated August 13, 2021. Justice Duffy has been substituted for former Justice Mastro (see 22 NYCRR 1250.1[b])
ORDERED that the judgment is affirmed.
On July 12, 2017, police officers allegedly found a firearm in a backpack in the backyard of a vacant house in Queens. The defendant was arrested along with seven other people who were present at the scene. At the police stationhouse, the defendant stated that the backpack and the gun belonged to him. He was charged in an indictment with, among other things, criminal possession of a weapon in the second degree and criminal trespass in the third degree. The defendant moved, inter alia, to suppress the physical evidence and his statement to the police as the products of unlawful police conduct. In response to the defendant's omnibus motion, the People argued that the officers' conduct was justified under People v De Bour (40 NY2d 210), the defendant abandoned the backpack in the backyard of a vacant house, and he lacked permission to be on that property and, therefore, lacked standing to challenge the legality of the seizure of the physical evidence.
At the suppression hearing, two police officers testified that, while on patrol, they drove by a vacant house, with which they were familiar, that was boarded up, with a padlock and chain on the front door, and "No Trespassing" signs posted. Upon noticing a group of men in the backyard, the officers stopped and exited their vehicle. From the foot of the driveway, the officers observed the individuals passing a brown cigarette back and forth, a cloud of smoke, and the smell [*2]of marijuana. As they approached the backyard by walking up the driveway, through an open gate in a fence, the officers observed the defendant walk toward the back of the vacant house with an object in his hand and return to the group empty-handed.
The officers further testified that as they approached the group, they asked the individuals for identification, and asked whether any of them lived at the house. Someone said that they "were just smoking weed." One officer noticed a backpack on the side of the house in the area where he had seen the defendant walk upon their approach. The officer retrieved the backpack and asked if it belonged to anyone. When nobody replied, the officer opened the backpack and observed a firearm inside. The defendant, along with the others, was arrested. After the men were handcuffed, a woman from the house next door, which shared a driveway with the subject house, came outside and said that she knew one of the men present. The owner of the property arrived and told the officers that he did not know any of the men, they did not belong in the backyard, and he had placed the "No Trespassing" signs on the property because he did not want anyone in the backyard. At the suppression hearing, the neighbor testified for the defense that the defendant had her permission to be in her driveway, which was shared with the vacant house next door, and to be in her backyard.
At the conclusion of the suppression hearing, the Supreme Court denied suppression of the physical evidence and the defendant's statement to the police. Thereafter, the defendant pleaded guilty to criminal possession of a weapon in the second degree, and was sentenced in accordance with the plea agreement. On appeal, the defendant challenges the denial of those branches of his omnibus motion which were to suppress the physical evidence and his statement to the police. As the Supreme Court did not set forth the basis for its denial of those branches of the defendant's omnibus motion, this Court was unable to determine the unarticulated predicate for the Supreme Court's evidentiary ruling (see People v Nicholson, 26 NY3d 813, 817). In order to avoid exceeding our statutory authority pursuant to CPL 470.15(1), we held the appeal in abeyance and remitted the matter to the Supreme Court, Queens County, for a new determination. The Supreme Court has filed its report, dated August 13, 2021, denying the subject branch of the defendant's omnibus motion.
On appeal, the defendant first contends that the physical evidence and his statement to the police should be suppressed on the ground that the police acted illegally when they entered the curtilage of the house without a warrant or circumstances justifying the warrantless entry. When a police officer physically intrudes on the curtilage of a house in order to obtain information, a search has occurred within the meaning of the Federal and State Constitutions (see US Const 4th, 14th Amends; NY Const, art I, § 12; Collins v Virginia, ___ US ___, 138 SCt 1663, 1670; Florida v Jardines, 569 US 1, 5-6; People v Gleeson, 36 NY2d 462, 466; People v Theodore, 114 AD3d 814, 816). Here, it is undisputed that the police lacked a warrant, and no exception to the warrant requirement applied to their entry onto the subject property (see generally People v Sanders, 26 NY3d 773, 776; People v Gonzalez, 39 NY2d 122, 127).
Nonetheless, "[t]he invocation of the right to be secure against unreasonable searches and seizures and its exclusionary enforcement require personal standing to challenge the government's action" (People v Rodgriguez, 69 NY2d 159, 161 [citations omitted]; see Rakas v Illinois, 439 US 128, 133-134). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any [such] rights infringed" (Rakas v Illinois, 439 US at 134). "A defendant seeking suppression of evidence has the burden of establishing standing by demonstrating a legitimate expectation of privacy in the premises or object searched" (People v Ramirez-Portoreal, 88 NY2d 99, 108; see Rawlings v Kentucky, 448 US 98, 104). "This burden is satisfied if the accused subjectively manifested an expectation of privacy with respect to the location or the item searched that society recognizes to be objectively reasonable under the circumstances" (People v Burton, 6 NY3d 584, 588; see People v Ramirez-Portoreal, 88 NY2d at 109).
Here, the defendant failed to establish that he had a legitimate expectation of privacy in the curtilage of the vacant house that society recognizes to be objectively reasonable under the [*3]circumstances, as the evidence at the suppression hearing established that he was a trespasser on that property (see People v Williams, 180 AD2d 703, 703-704; People v Robinson, 100 AD2d 602). He therefore lacks standing to challenge the warrantless entry onto the property. To the extent that the defendant relies upon the fact that the driveway was shared with the house next door, where he was a guest, the evidence established that the defendant was in the backyard of the vacant house when the police approached and that the backpack with the firearm was found behind the vacant house, on that property. Furthermore, the hearing evidence established only that the defendant was "merely a guest" at the neighboring property, and lacked a legitimate expectation of privacy in the shared driveway (People v Santiago, 176 AD3d 744, 745; see People v Gonzalez, 45 AD3d 696; People v Abreu, 239 AD2d 424).
Next, the defendant contends that the search of his backpack was unlawful. The defendant's lack of standing to challenge the warrantless entry to the vacant property does not foreclose his ability to challenge the search of his backpack (see People v Santiago, 176 AD3d at 745). "In the context of a challenge to the legality of a police search, the People may argue that the evidence need not be suppressed because defendant has abandoned it. Property is deemed abandoned when the expectation of privacy in the object or place searched has been given up by voluntarily and knowingly discarding the property. The result is a waiver of the constitutional protection. The burden rests on the People to establish the waiver" (People v Ramirez-Portoreal, 88 NY2d at 110; see People v Howard, 50 NY2d 583, 592-593). An intent "to relinquish an expectation of privacy will be found if the circumstances reveal a purposeful divestment of possession of the item searched" (People v Ramirez-Portoreal, 88 NY2d at 110; see People v Martinez, 80 NY2d 444, 449; People v Woods, 281 AD2d 570, affd 98 NY2d 627). "Standing alone, the surrender of control or disclaimer of ownership does not always establish a waiver. Even where abandoned, moreover, if the abandonment is coerced or precipitated by unlawful police activity, then the seized property may be suppressed because it constitutes 'fruit' of the poisonous tree" (People v Ramirez-Portoreal, 88 NY2d at 110 [citation omitted]; see People v Kluge, 180 AD3d 705, 707).
The evidence at the suppression hearing established that the defendant's backpack was left along the side of the vacant house, property on which the defendant was a trespasser, and that when a police officer asked whether the backpack belonged to anyone, the defendant did not claim it as his. The People thereby established that the defendant purposefully divested himself of the backpack and waived any expectation of privacy in the backpack (see People v Anderson, 94 AD3d 1010, 1010-1011; People v Amuso, 44 AD3d 781, 783; People v Oliver, 39 AD3d 880; People v Murray, 256 AD2d 116, 118; People v Morales, 243 AD2d 391, 392; People v Osborne, 194 AD2d 427, 427-428). Further, contrary to the defendant's contention, the abandonment was not coerced or precipitated by unlawful police activity about which the defendant may complain, since he lacked standing to challenge the warrantless entry onto the property, and the police conduct was not otherwise unlawful. The hearing evidence established that until the officer opened the abandoned backpack, the police conduct amounted, at most, to a common-law right of inquiry, which the officers possessed based upon their observations of the no trespassing signs and indicia of marijuana (see People v McIntosh, 96 NY2d 521, 527; People v De Bour, 40 NY2d at 223; People v Hill, 72 AD3d 702, 704; cf. People v Lightfoot, 22 AD3d 865, 866). Upon discovery of the firearm, the officers had probable cause to arrest the defendant (see People v Smith, 168 AD3d 885, 885-886; People v Jackson, 163 AD3d 995, 996; People v Alvarado, 126 AD3d 803, 805; People v Blake, 123 AD3d 838).
Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress the physical evidence and his statement to the police.
DUFFY, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court