| People v Williams |
|---|
| 2022 NY Slip Op 34776(U) |
| June 9, 2022 |
| County Court, Westchester County |
| Docket Number: Indictment No. 70234-22 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
----------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

        -against-

ERIC WILLIAMS,

                    Defendant.
----------------------------------------------------------------------x
ROBERT J. PRISCO, J.

**DECISION & ORDER**

**Indictment No: 70234-22**

Defendant **ERIC WILLIAMS** is charged by Indictment Number 70234-22 with one count of Murder in the Second Degree pursuant to Penal Law [PL] § 125.25 (1) [Count One] and one count of Criminal Possession of a Weapon in the Second Degree pursuant to PL § 265.03 (3) [Count Two]. The charges pertain to Defendant's alleged intentional killing of Jabree West with a loaded firearm in the vicinity of 463 Bronx River Road in the City of Yonkers, at approximately 4:30 a.m., on June 20, 2021.

On February 10, 2022, Defendant was arraigned by the Honorable Robert A. Neary on the charges contained in Indictment Number 70234-22. Attached to the indictment are two (2) CPL § 710.30 (1) (a) Notices regarding the People's intent to offer evidence of statements allegedly made by the defendant to members of the Yonkers Police Department,[1] two (2) CPL § 710.30 (1) (b) Notices signifying the People's intent to offer testimony of observations of the defendant either at the time or place of the commission of the offenses or upon some other relevant occasion by a witness or witnesses who have previously identified him as such, and the People's Demand for a Notice of Alibi pursuant to CPL § 250.20.

On April 4, 2022, Defendant filed a Notice of Motion, an "Affirmation in Support of Motion" (hereinafter "Affirmation") and a Memorandum of Law, seeking various forms of judicial intervention and relief.

---

[1] The first CPL § 710.30 (1) (a) Notice pertains to electronically recorded oral statements that were allegedly made by Defendant to Yonkers Police Department Detectives at the "NYPD 120th Precinct," at approximately 7:23 p.m., on December 19, 2021. The second CPL § 710.30 (1) (a) Notice pertains to a signed written statement allegedly provided by Defendant to Yonkers Police Department Detectives at the "NYPD 120th Precinct," at approximately 12:15 a.m., on December 19, 2021.



FILED

JUN - 9 2022

1

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

[* 1]

Thereafter, the People filed an Affirmation in Opposition dated April 8, 2022, a Memorandum of Law, and "Exhibit 1."[2] The People also provided the Court with unredacted certified copies of the stenographic transcripts of the January 26 and 28, 2022 Grand Jury proceedings, along with a thumb drive containing copies of the Grand Jury Exhibits.

After consideration of the above referenced submissions and the unredacted certified stenographic transcripts of the January 26 and 28, 2022 Grand Jury proceedings, the Court decides Defendant's Motion as follows:

## 1. MOTION FOR INSPECTION OF GRAND JURY MINUTES AND DISMISSAL OR REDUCTION OF THE CHARGES CONTAINED IN INDICTMENT NUMBER 70234-22 DUE TO THE LEGAL INSUFFICIENCY OF THE EVIDENCE PRESENTED AND THE INSTRUCTIONS PROVIDED.

Citing CPL §§ 210.20 and 210.30, Defendant moves for "[i]nspection and reduction or dismissal of the Indictment...due to the legal insufficiency of the proof submitted to the grand jury" (*see* Paragraph 1, Page 1, of Defendant's Notice of Motion, and Pages 2-3 of Defendant's Memorandum of Law). Defendant also requests that the Court inspect the minutes of the Grand Jury proceeding to determine whether the provided instructions were legally sufficient and proper and whether the Grand Jury proceeding was defective (*see* Page 3 of Defendant's Memorandum of Law).

In their response, the People consent to an in-camera inspection of the Grand Jury minutes by the Court, contend that the indictment is supported by legally sufficient evidence (*see* Point A, Pages 12-13, of the People's Memorandum of Law), and assert that "Defendant has failed to meet his high burden of showing the existence of any error in the grand jury proceeding which rendered it defective" (*see* Point A, Page 14, of the People's Memorandum of Law).

The Court has conducted an in-camera review of the entirety of the Grand Jury proceedings, having examined the unredacted certified copies of the stenographic transcripts of the January 26 and 28, 2022 proceedings. The record establishes that the nineteen (19) grand jurors who deliberated and voted on the two charges contained in Indictment Number 70234-22 were present throughout the two-day presentation of the case.

---

[2] Exhibit 1 consists of search warrant Applications and Orders dated June 30, July 9, July 16, August 27, October 12, December 17, December 21, 2021, and January 13, 2022.

[* 2]

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted – and deferring all questions as to the weight or quality of the evidence – would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll,* 93 NY2d 564, 568 [1999]; *see People v Deleon*, 34 NY3d 965, 966 [2019]; *People v Bello*, 92 NY2d 523, 525 [1998]; *People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Booker*, 164 AD3d 819, 820 [2d Dept 2018]; *People v Hulsen*, 150 AD3d 1261, 1262 [2d Dept 2017], *lv. denied* 30 NY3d 950 [2017]; *People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL § 70.10 (1); *see People v Mills,* 1 NY3d at 274; *People v Franov*, 146 AD3d 978, 979 [2d Dept 2017]; *People v Wisey*, 133 AD3d 799, 800 [2d Dept 2015]; *People v Ryan* 125 AD3d 695, 696 [2d Dept 2015], *lv. denied* 25 NY3d 1077 [2015]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Castro*, 202 AD3d 815, 816 [2d Dept 2022], quoting *People v Bello*, 92 NY2d at 526; *see People v Addimando*, 197 AD3d 106, 121 [2d Dept 2021]; *People v Ryan*, 125 AD3d at 696; *People v Woodson,* 105 AD3d 782, 783 [2d Dept 2013]; *People v Jessup*, 90 AD3d 782, 783 [2d Dept 2011]). This Court's inquiry is "limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan,* 69 NY2d 976, 979 [1987]; *see People v Castro*, 202 AD3d at 816; *People v Pino*, 162 AD3d 910, 911 [2d Dept 2018]; *People v Arcila*, 152 AD3d 783, 784 [2d Dept 2017], *lv. denied* 30 NY3d 978 [2017]).

Here, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally sufficient to establish and support the charges contained in Indictment Number 70234-22.

A Grand Jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL § 210.35 (5); *see People v Sealy*, 181 AD3d 893, 894 [2d Dept 2020]; *People v Arevalo*, 172 AD3d 891, 892 [2d Dept 2019]; *People v Williams*, 171 AD3d 804, 805 [2d Dept 2019]). Dismissal of an indictment

3

under CPL § 210.35 (5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Sealy*, 181 AD3d at 894; *People v Addimando*, 197 AD3d at 121; *People v Williams*, 171 AD3d at 805; *People v Burch*, 108 AD3d 679, 680 [2d Dept 2013], *lv. denied* 22 NY3d 1087 [2014]; *People v Thompson*, 81 AD3d 670, 671 [2d Dept 2011], *aff'd* 22 NY3d 687 [2014]). In the case at bar, the Court finds that no such wrongdoing, conduct or errors occurred.

While a prosecutor is required to instruct the grand jury on the law with respect to matters before it (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d 1110, 1110 [2d Dept 2017]; *People v Samuels*, 12 AD3d 695, 698 [2d Dept 2004]; *see* CPL § 190.25 (6)), "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.*, 49 NY2d 389, 394 [1980]; *see People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Batashure*, 75 NY2d 306, 311 [1990]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles* 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d at 1110; *People v Castaldo*, 146 AD3d 797, 798 [2d Dept 2017]; *People v Burch*, 108 AD3d at 680; *People v Malan-Pomaeyna*, 72 AD3d 988, 988 [2d Dept 2010]). It is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d at 394-395; *see People v Valles* 62 NY2d at 38; *People v Ruvalcaba*, 187 AD3d 1553, 1554 [4th Dept 2020], *lv. denied* 36 NY3d 1053 [2021]; *People v Ferguson*, 177 AD3d 1247, 1249 [4th Dept 2019]; *People v Tunit*, 149 AD3d at 1110-1111; *People v Castaldo*, 146 AD3d at 797; *People v Patterson*, 73 AD3d 1215, 1215 [2d Dept 2010], *lv. denied* 15 NY3d 776 [2010]; *People v Malan-Pomaeyna*, 72 AD3d at 988).

Here, after an in-camera review of the unredacted certified copies of the stenographic transcripts of the Grand Jury presentations on January 26 and 28, 2022, this Court determines that the Grand Jury proceedings were not defective and that the instructions given during the presentation were legally sufficient and proper.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss or reduce the charges contained within Indictment Number 70234-22 is denied.

## 2. MOTION FOR PRECLUSION OF DEFENDANT'S PRIOR CRIMES OR BAD ACTS; ASSOCIATED SANDOVAL AND VENTIMIGLIA HEARINGS.

Relying on *People v Sandoval*, 34 NY2d 371 [1974], and *People v. Ventimiglia*, 52 NY2d 350 [1981], Defendant requests a "hearing requiring the District Attorney to disclose any prior convictions, vicious acts or immoral acts of the defendant which the District Attorney intends to question the defendant about and...that a hearing be held before the trial judge as to whether the District Attorney should be enjoined from questioning the defendant as to such prior convictions or acts" (*see* Paragraph 2, Page 1, of Defendant's Notice of Motion, Page 4 of Defendant's Affirmation, and Page 1 of Defendant's Memorandum of Law).

In response, the People acknowledge their *Sandoval* and *Ventimiglia* obligations and consent to hearings on same if such disclosure is made (*see* Point B, Page 16, of the People's Memorandum of Law).

CPL § 245.20 (3) (a) provides, in substance and pertinent part, that "[t]he prosecution shall disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial for purposes of impeaching the credibility of the defendant." To the extent that the People seek to use any of Defendant's prior acts of misconduct or criminality on their direct case as substantive proof of any material issue in the case, CPL § 245.20 (3) (b) likewise obligates "[t]he prosecution [to] disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial [for such purpose]." Lastly, CPL § 245.20 (3) further requires that "the prosecution shall designate whether it intends to use each listed act for impeachment and/or as substantive proof."

As the People have concededly not yet disclosed to the defendant a list of his acts of misconduct and criminality which the prosecution intends to use at trial for purposes of impeaching his credibility or as substantive proof of any material issue in the case, or designated their intended use thereof, this Court will not order the requested *Sandoval* and *Ventimiglia* hearings at the present time. Should the People seek to use at trial any prior acts of misconduct or criminality of the defendant for CPL § 245.20 (3) (a) or (b) purposes, they are directed to disclose to Defendant a list of all such acts of misconduct and criminality and to designate the intended purpose of each

5

listed act. Pursuant to CPL § 245.10 (1) (b), the People "shall perform [these] supplemental discovery obligations *as soon as practicable* but not later than fifteen (15) calendar days prior to the first scheduled trial date" (emphasis added). If the People do so, Defendant may renew his application to preclude the People's use of such acts of misconduct or criminality at trial or, in the alternative, request a hearing thereon to determine the admissibility thereof. If the People fail to do so, no use of such acts will be permitted at trial.

### 3. MOTION TO SUPPRESS PHYSICAL EVIDENCE AND TO CONTROVERT SEARCH WARRANTS.

Citing CPL § 710, Defendant moves to suppress "all fruits of unlawful detentions and or arrest…including, but not limited to tangible evidence on the grounds that such consists of tangible property obtained by means of an unlawful search and seizure under circumstances precluding the admissibility thereof in a criminal action against the defendant, or, in the alternative, directing a hearing to determine the admissibility of any such evidence" (*see* Paragraph 3, Page 2, of Defendant's Notice of Motion and Page 8 of Defendant's Memorandum of Law). "Specifically, Mr. Williams seeks to suppress any evidence obtained pursuant to the court order directing [T-Mobile] to disclose all records associated with his Cellular telephone number 347-531-3145 for the period of June 18, 2021 through June 24, [2021], any evidence obtained from the court order authorizing GPS data, prospective location and pen register information for the cellular telephone assigned to 347-531-3145, and any evidence obtained from the search of the phone" (*see* Paragraph 3, Page 2, of Defendant's Notice of Motion).

Defendant also moves to controvert the search warrants[3] for the following: "the phone associated with number 347-531-3145 and registered to Eric Williams;" "the blue mini iphone that was recovered from 177 Silver Lake Road Apartment D1, Staten Island, New York;" "the account relating to the Instagram account with the name of Gula La G83n for the time period of June 16, 2021 through June 24, 2021 associated with cellular number 302-300-0283 and registered to Eric

---

[3] Because Defendant has not specified whether he is challenging the December 17, 2021 "APPLICATION FOR ORDER FOR SEALED PEN REGISTER, TRAP AND TRACE, CELL PHONE INFORMATION & SEARCH WARRANT FOR GPS DATA" and the corresponding "ORDER TO T-MOBILE" to provide such information, or challenging the "AMENDED APPLICATION" and the "AMENDED ORDER TO T-MOBILE" to provide the same information and bearing the same date, the Court has reviewed both Applications and Orders.

Williams;" "the account relating to the instagram account Gulasomwhereotkillinganewjwett for the time period of June 16, 2021 through June 24, 2021;" "the Sprint number associated with 302-602-0061 which is registered to Mr. Eric Williams;" "Verizon number 302-300-0283 which is registered to Mr. Williams;" "Mr. Williams' email address 4.williamseric@gmail.com;" "the email address of glomanstanley@gmail.com for the period of June 16, 2021 through June 24, 2021;"[4] and "the residence of 177 Silver Lake Road, Apartment D1 Staten Island, New York" (*see* Paragraphs 5-13, Pages 2-3, of Defendant's Notice of Motion, Pages 2-3 of Defendant's Affirmation, and Pages 4-8 of Defendant's Memorandum of Law). Defendant's challenges to the search warrants include, inter alia, the failure to indicate a time period for the search, to specify the evidence that was being targeted, and to specify the individuals who allegedly communicated with the defendant. Defendant also alleges that they are not based on probable cause and are overbroad (*see* Page 3 of Defendant's Affirmation and Pages 4-8 of Defendant's Memorandum of Law).

As to the suppression of physical evidence, the People contend that Defendant's motion should be denied because he has failed to allege sufficient sworn allegations of fact (*see* Point D, Pages 26-27, of the People's Memorandum of Law). The People further argue that "Defendant's arrest was supported by probable cause" and that "[a]ny evidence recovered from defendant was lawfully seized" (*see* Point D, Pages 27-28, of the People's Memorandum of Law).

Regarding the search warrants at issue, the People aver that Defendant does not have standing to contest the search of "the historical cell-site and call detail records for the SprintPCS cellular telephone number 302-602-0061...since he is not the registered owner of the cellular telephone account" (*see* Point C, Page 18, of the People's Memorandum of Law). The People further aver that "[w]hile defendant has standing to contest the searches involving the other search

---

[4] As to the two Google email accounts, since Defendant has not specified whether he is challenging the June 30, 2021 "AFFIDAVIT/APPLICATION FOR SEARCH WARRANT" and the corresponding "SEARCH WARRANT ORDER[S]," or the July 9 and 16, 2021 "AFFIDAVIT/APPLICATION[S] FOR AMENDED SEARCH WARRANT[S]" and the corresponding AMENDED SEARCH WARRANT ORDER[S]" (*see* Point C, Page 17, Footnote 5, of the People's Memorandum of Law), the Court has reviewed all three Applications and Orders.

warrants,[5] his motion to controvert [them] should be denied because any evidence obtained therefrom was lawfully recovered pursuant to valid search warrants" (*see* Point C, Page 19, of the People's Memorandum of Law).

"There is no legal basis for suppression...unless the accused alleges facts that, if true, demonstrate standing to challenge the search or seizure" (*People v Santiago*, 176 AD3d 744, 745 [2d Dept 2019], quoting *People v Burton*, 6 NY3d 584, 587 [2006]; *see People v Scully*, 14 NY3d 861, 864 [2010]; *People v Gilmore*, 183 AD3d 838, 838 [2d Dept 2020]; *People v Kluge*, 180 AD3d 705, 707 [2d Dept 2020]). "Standing exists where a defendant was aggrieved by a search of a place or object in which he or she had a legitimate expectation of privacy" (*People v Burton*, 6 NY3d at 587, citing *People v Ramirez–Portoreal*, 88 NY2d 99, 108 [1996]; *see People v Harris*, 192 AD3d 151, 157 [2d Dept 2020]; *People v McCullum*, 159 AD3d 8, 13 [2d Dept 2018], *aff'd* 34 NY3d 1022 [2019]), which "society recognizes as reasonable" (*People v Leach*, 21 NY3d 969, 971 [2013], quoting *People v Ramirez-Portoreal*, 88 NY2d at 108; *see People v Diaz*, 33 NY3d 92, 98 [2019]; *People v. Santiago*, 176 AD 3d at 745; *People v Worrell*, 170 AD3d 1048, 1050 [2d Dept 2019]; *People v McCullum*, 159 AD3d at 13)." "A person who is aggrieved by an [alleged] illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed" (*People v Rice*, 204 AD3d 834, 836 [2d Dept 2022], quoting *Rakas v Illinois*, 439 US 128, 134 [1978]) and "[a] defendant seeking suppression of evidence has the burden of establishing standing" (*People v Rice*, 204 AD3d at 836, quoting *People v Ramirez-Portoreal*, 88 NY2d at 108; *see People v Wesley*, 73 NY2d 351, 359 [1989]; *People v Rodriguez*, 69 NY2d 159, 163 [1987]; *People v McCullum*, 159 AD3d at 13; *People v Oliver*, 39 AD3d 880, 880 [2007], *lv. dismissed* 9 NY3d 868 [2007]). "This burden is satisfied if the accused subjectively manifested an expectation of privacy with respect to the location or item searched that society recognizes to be objectively reasonable under the circumstances" (*People v Burton*, 6 NY3d at 588; *see People v Rice*, 204 AD3d at 836; *People v Kluge*, 180 AD3d at 707).

---

[5] Although the People have provided the Court with the "AFFIDAVIT/APPLICATION FOR SEARCH WARRANT" and the corresponding "SEARCH WARRANT ORDER," for the "cellular telephone assigned number 302-898-0491 for the period of June 16, 2021 through July 6, 2021," because Defendant does not challenge such Application and Order, they were not considered by the Court.

8

In reviewing the "AFFIDAVIT/APPLICATION FOR SEARCH WARRANT" of Detective Jonathan Blake of the City of Yonkers Police Department, the detective indicates that Defendant's "mother lives in Delaware and has the...cellular telephone number of 302-602-0061" (*see* June 30, 2021, "AFFIDAVIT/APPLICATION FOR SEARCH WARRANT," within Exhibit 1, at Page 51). While Defendant's Notice of Motion indicates that the Sprint number associated with 302-602-0061...is registered to Mr. Eric Williams" (*see* Paragraph 9, Page 3, of Defendant's Notice of Motion), he does not allege facts in his Affirmation or Memorandum of Law that demonstrate standing to challenge the search of the number associated with 302-602-0061. Instead, he only asserts standing to challenge the search of an iPhone with the cellular telephone phone number 347-531-3145 (*see* Pages 4 and 7 of Defendant's Memorandum of Law).

Accordingly, as Defendant has failed to satisfy his burden of establishing standing to challenge the search of the Sprint PCS cellular telephone account associated with phone number 302-602-0061, his motion to controvert the search warrant affiliated with that account and to suppress the evidence allegedly retrieved therefrom is denied.[6]

Turning to the remainder of the search warrants at issue, a court reviewing a search warrant is required to give the issuing court "great deference" in determining whether there was probable cause, as a presumption of validity attaches to a search warrant approved by a magistrate who reviewed the underlying application and found sufficient evidence of probable cause (*People v Castillo,* 80 NY2d 578, 585 [1992], *cert. denied* 507 U.S. 1033 [1993]; *see People v Griminger,* 71 NY2d 635, 640 [1988]; *People v Crupi,* 172 AD3d 898, 898 [2d Dept 2019], *lv. denied* 34 NY3d 950 [2019]). To establish probable cause, "a search warrant application must provide the magistrate with information sufficient to support a reasonable belief that evidence of illegal activity will be present at the specific time and place" (*People v. Edwards,* 69 NY2d 814, 816 [1987]; *see People v Lambey,* 176 AD3d 1232, 1233 [2d Dept 2019]; *People v Murray,* 136 AD3d 714, 714 [2d Dept 2016], *lv. denied* 27 NY3d 1003 [2016]; *People v. Leggio,* 84 AD3d 1116, 1117 [2d Dept 2011]; *People v Griffin,* 28 AD3d 578, 578–579 [2d Dept 2006], *lv. denied* 7 NY3d 789 [2006]; *People v Green,* 10 AD3d 731, 731–732 [2d Dept 2004], *lv. denied* 4 NY3d 744 [2004];

---

[6] Assuming *arguendo* that Defendant did have standing to contest the search of the phone, the June 30, 2021 Application and Order were supported by probable cause and contained a sufficiently particular description of the item to be searched.

*People v Williams*, 249 AD2d 343, 344 [2d Dept 1998], *lv. denied* 92 NY2d 883 [1998]). "In reviewing the validity of a search warrant to determine whether it was supported by probable cause or whether it contained a sufficiently particular description of its target, the critical facts and circumstances for the reviewing court are those which were made known to the issuing Magistrate at the time the warrant application was determined" (*People v Gordon*, 36 NY3d 420, 429 [2021], quoting *People v Nieves*, 36 NY2d 396, 402 [1975]; *see People v Edwards*, 69 NY2d 814, 816 [1987]; *People v Pitcher*, 199 AD3d 1493, 1494 [4th Dept 2021]; *People v Ferguson*, 136 AD3d 1070, 1072 [3d Dept 2016]).

After reviewing the critical facts and circumstances that were made known to Judges Zuckerman, Cacace, and Neary[7] at the time that the eight (8) search warrant applications were determined, this Court finds that such applications were supported by probable cause and contained sufficiently particular descriptions of the items and property to be searched. Accordingly, Defendant's motion to suppress any and all evidence seized pursuant to the search warrants is denied.

As to any physical evidence that was allegedly recovered, Defendant's motion papers fail to address the seizure/recovery of any property beyond "records" and "evidence" obtained pursuant to the search warrants associated with Defendant's cellular telephone number 347-531-3145. Additionally, while CPL § 710.60 (1) requires that a motion for suppression of physical evidence must state "the ground or grounds of the motion and must contain sworn allegations of fact" *(see also People v Ibarguen*, 37 NY3d 1107, 1108 [2021]; *People v Duval*, 36 NY3d 384, 391 [2021]; *People v Garay,* 25 NY3d 62, 71 [2015]; *People v Bryant,* 8 NY3d 530, 533 [2007]; *People v Esperanza*, 203 AD3d 124, 128-129 [1st Dept 2022]; *People v Guzman*, 153 AD3d 1273, 1276 [2d Dept 2017]; *People v White,* 137 AD3d 1311, 1312 [2d Dept 2016]), the only allegation put forth by defense counsel is the legal conclusion that "tangible property [was] obtained by means of an unlawful search and seizure" (*see* Paragraph 3, Page 2, of Defendant's Notice of Motion).

Consequently, Defendant's motion seeking suppression of tangible evidence is denied without the need for an evidentiary hearing (*see People v Cunningham*, 194 AD3d 954, 955 [2d Dept 2021]; *People v Massey*, 186 AD3d 1716, 1717 [2d Dept 2020]; *People v Rose,* 178 AD3d

---

[7] The Court notes that the three Judges who determined the search warrant applications did so as Acting Supreme Court Judges sitting as City Court Judges of the City of Yonkers.

10

1091, 1092-1093 [2d Dept 2019]; *People v Robinson*, 118 AD3d 1028, 1028 [2d Dept 2014], *lv. denied* 24 NY3d 1046 [2014]; *People v Smith*, 69 AD3d 657, 657 [2d Dept 2010], *lv. denied* 14 NY3d 844 [2010]).

## 4. MOTION TO SUPPRESS IDENTIFICATION TESTIMONY.

Pursuant to CPL § 710.30 (1) (b), the People served two (2) notices upon Defendant regarding their intent to offer trial testimony from a witness or witnesses who allegedly identified the defendant via a video identification on January 26, 2022, and a video identification and one single photographic identification that allegedly occurred on January 28, 2022, at the Westchester County Grand Jury.

Citing CPL Article 710 and *United States v Wade*, 338 US 218 (1967), Defendant moves to suppress the identifications of Defendant "on the grounds that the identification procedures employed were unduly suggestive" (*see* Paragraph 4, Point 2, of Defendant's Notice of Motion, Page 8 of Defendant's Memorandum of Law, and Page 4 of Defendant's Affirmation) and because "[t]he identification[s] [are] the tainted fruit of an unlawful arrest" (*see* Page 8 of Defendant's Memorandum of Law). In the alternative, Defendant requests that the Court conduct a "Wade hearing to determine the admissibility of [the] identification evidence" (*see* Paragraph 4, Page 2, of Defendant's Notice of Motion and Page 8 of Defendant's Memorandum of Law).

In response, the People contend that Defendant's motion should be denied because "the identifications of defendant from video and a still image by a YPD detective during the grand jury, did not constitute identification procedures within the meaning of CPL 710.30" (*see* Point E, Page 29, of the People's Memorandum of Law). Specifically, the People contend that "the detective was properly offering his lay opinion that the person in the video was defendant" and that "this display of defendant in the video in no way resembled a selection process" (*see* Point E, Page 29, of the People's Memorandum of Law).[8]

Defendant's motion to suppress is granted to the extent that a *Wade* hearing will be held in connection with the two (2) noticed identifications. If the Court finds that any or all of the

---

[8] In the case of *People v Ray*, 100 AD3d 933 [2d Dept 2012], cited by the People in support of this argument, the Court permitted a detective "who had encountered the defendant on numerous occasions over more than 15 years" (*id.* at 933) to offer opinion testimony that the person depicted in a surveillance video was the defendant.

identification procedures were unduly suggestive or the result of a procedurally-defective pretrial identification procedure, then the People must prove by clear and convincing evidence the existence of an independent source for the witness' identifications in those unduly suggestive procedures (*People v Rahming*, 26 NY2d 411, 417 [1970]; *see People v Marshall*, 26 NY3d 495, 507 [2015]; *People v Range*, 199 AD3d 1356, 1357 [4th Dept 2021]; *People v Spradlin*, 192 AD3d 1270, 1271 [3d Dept 2021], *lv. denied* 37 NY3d 960 [2021]; *People v Goondall*, 173 AD3d 896, 898 [2d Dept 2019]; *People v Woody*, 160 AD3d 1362, 1363 [4th Dept 2018], *lv. denied* 31 NY3d 1154 [2018]; *People v Campbell*, 200 AD2d 624, 625 [2d Dept 1994], *lv. denied* 83 NY2d 869 [1994]). Moreover, as the People have neither addressed nor opposed Defendant's request for a hearing pursuant to *Dunaway v New York*, 442 US 200 [1979], such a hearing will be conducted regarding the issue of probable cause.

## 5. MOTION TO SUPPRESS STATEMENTS.

Defendant moves to suppress "statement[s] alleged to have been made by Mr. Williams for which 710.30 notice[s] [were] given and or a Huntley hearing" (*see* Paragraph 14, Page 3, of Defendant's Notice of Motion, Page 4 of Defendant's Affirmation, and Page 9 of Defendant's Memorandum of Law). Specifically, Defendant contends that "such statements were obtained in violation of his rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Article 1[,] section 6 of the New York State Constitution and were also involuntarily made within the meaning of CPL 60.45(2) [b] [i] [ii] and CPL 710.30" (*see* Page 9 of Defendant's Memorandum of Law). Defendant further alleges that "his initial arrest was unconstitutional and made without the requisite probable cause [and] [a]s such, any statement thereafter elicited must be suppressed as the fruit of the initial illegality" (*see* Page 9 of Defendant's Memorandum of Law).

As to Defendant's Fifth Amendment claim, the People "consent to a *Huntley* hearing, after which his motion to suppress should be denied," and contend that the defendant's statements were made voluntarily (*see* Point F, Pages 30-31, of the People's Memorandum of Law). Specifically, the People submit that "Defendant's statements to YPD detectives at the NYPD precinct in Staten Island were made after defendant had been properly advised of his Miranda rights [and] Defendant

12

provided a knowing and voluntary waiver of those rights before answering questions" (*see* Point F, Page 31, of the People's Memorandum of Law).

Regarding Defendant's Fourth Amendment claim, the People argue that Defendant's motion should be denied for "failure to provide any facts in support of his claim" and because "no Fourth Amendment violation occurred" (*see* Point F, Page 30, of the People's Memorandum of Law).

Upon the issues raised by the parties, Defendant's motion to suppress statements is granted to the extent that hearings pursuant to *People v Huntley*, 15 NY2d 72 [1965], and *Dunaway v New York*, 442 US 200 [1979], will be conducted to determine the voluntariness and admissibility of the noticed statements allegedly made by Defendant to members of the Yonkers Police Department at approximately 12:15 a.m. and 7:23 p.m. on December 19, 2021.


## 6. MOTION FOR DISCOVERY.

Defendant moves for discovery and contends that although "DNA was taken from the pants of Jabree West…, [n]o DNA discovery has been provided in accordance with CPL 245.20 (1) (f)" (*see* Paragraph 15, Page 3, of Defendant's Notice of Motion). Defendant further contends that "[f]rom the discovery provided it appears that [the defense is] missing a significant amount of police reports" (*see* Paragraph 15, Page 3, of Defendant's Notice of Motion) and that "[t]he signed search warrants were not in the discovery provided" (*see* Page 4 of Defendant's Affirmation).

In response, the People assert that "Defendant's motion for further discovery should be denied to the extent it exceeds CPL Article 245" (*see* Point G, Page 33, of the People's Memorandum of Law). The People further submit that "[a]ny motion by defendant for discovery within the parameters of CPL Article 245 is moot because, to the extent such material exists and is in [the] possession or control of the People, it has or will be provided to defendant" (*see* Point G, Page 33, of the People's Memorandum of Law). Specifically, the People contend that they provided initial discovery to Defendant on January 3, 2022, and provided additional discovery on "January 5, 24, 28, and 31, 2022; February 9 (Westchester County Lab reports), 10, 18, and 24, 2022; March 21, 28, 29, 2022; and April 6, 2022" (*see* Page 10 of the People's Affirmation in Opposition).

13

As of the present date, the Court has not received a Certificate of Compliance pursuant to CPL § 245.50 (1) stating that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the People have disclosed and made available all known material and information subject to discovery. To the extent that such material and information has not yet been disclosed and made available to the defendant, the People are directed to do so immediately as their initial discovery obligations should have been performed as soon as practicable but not later than twenty (20) calendar days after the defendant's arraignment on the indictment (*see* CPL § 245.10 (1) (a) (i)). Moreover, absent an individualized finding of special circumstances by this Court, the People will not be deemed ready for trial pursuant to CPL § 30.30 until a proper Certificate of Compliance has been served and filed (*see* CPL § 245.50 (3); *People v Naula*, 75 Misc.3d 1205(A), 2022 NY Slip Op. 50386(U), [Sup. Ct., Queens County, 2022]; *People v Rahman*, 74 Misc.3d 1214(A), 2022 NY Slip Op. 50120(U), [Sup. Ct., Queens County, 2022]; *People v Benitez*, 73 Misc.3d 804, 807 [Sup. Ct., New York County, 2021]; *People v Rodriguez*, 73 Misc.3d 411, 415 [Sup. Ct., Queens County, 2021]).

## 7. RESERVATION OF RIGHTS TO MAKE ADDITIONAL PRE-TRIAL MOTIONS.

Defendant's request to make additional pre-trial motions (*see* Paragraph 16, Page 3, of Defendant's Notice of Motion) is granted to the extent that, if sought, he will be required to serve and file an Order to Show Cause detailing the reason(s) why said motions were not brought in conformity with the time provisions and motions practice set forth in CPL § 255.20 (1) and (2), respectively.

However, notwithstanding the provisions of CPL § 255.20 (1) and (2), this Court will "entertain and decide on its merits, at any time before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in [CPL § 255.20 (1)] or included within the single set of motion papers as required by [CPL § 255.20 (2)]" (CPL § 255.20 (3); *see People v Wisdom*, 23 NY3d 970, 972 [2014]; *People v Marte,* 197 AD3d 411, 413 [1st Dept 2021]; *People v Burke*, 174 AD3d 915, 915 [2d Dept 2019]; *People v Milman*, 164 AD3d 609, 610 [2d Dept 2018]).

14

## 8. MOTION FOR PRE-TRIAL HEARINGS TO BE CONDUCTED AT LEAST 20 DAYS BEFORE TRIAL.

Defendant requests that "the pre-trial hearings in this matter [be] conducted at least two weeks in advance of trial" (*see* Pages 1-2 of Defendant's Memorandum of Law).

In response, the People assert that Defendant's motion should be denied since he "has provided no reason to be given preference over other similarly-situated defendants" (*see* Point I, Page 35, of the People's Memorandum of Law).

Defendant's motion for pre-trial hearings to be conducted at least twenty days before trial is denied. There are currently no "unusual circumstances here presented" which would require this Court to order that any pre-trial hearings held in this matter take place at least twenty (20) days before the trial (*see People v Sanders*, 31 NY2d 463, 466 [1973]).

Notwithstanding the above, should the defendant seek a transcript of the minutes of any pretrial hearing and the "request for [such is made] prior to its conclusion" (*People v Sanders* 31 NY2d at 467; *see People v Coleman,* 81 NY2d 826, 827 [1993]; *Matter of Eric W.,* 68 NY2d 633, 636 [1986]; *People v Griffin,* 98 AD3d 688, 689-690 [2d Dept 2012], *lv. denied* 20 NY3d 932 [2012]; *People v Wray,* 225 AD2d 718, 719 [2d Dept 1996], *lv. dismissed* 88 NY2d 1025 [1996]), he will then be afforded a reasonable opportunity to obtain and review the same before trial.

The foregoing constitutes the Decision and Order of this Court.

Dated: White Plains, New York
June 9, 2022

HONORABLE ROBERT J. PRISCO
County Court Judge

15

[* 15]

To:    HON. MIRIAM E. ROCAH
       Westchester County District Attorney
       111 Dr. Martin Luther King Jr. Blvd.
       White Plains, New York 10601
       Attn: Assistant District Attorney Adrian Murphy

       THE LEGAL AID SOCIETY OF
       WESTCHESTER COUNTY
       Attorney for Defendant Eric Williams
       150 Grand Street-Suite 100
       White Plains, New York 10601
       Attn: Jessica Hugel, Esq.

[* 16]